497 So.2d 25 (1986)
BANK OF ST. CHARLES
v.
FIRE PROTECTION SYSTEMS, INC., and Harold S. Larkin.
No. 86-CA-218.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
Don Almerico, Jerome Kunkel, St. Rose, for plaintiff-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This case comes to us on appeal as a novel question of law. The matter before us involves a suit on a promissory note brought by the holder, Bank of St. Charles (plaintiff), against the maker, Fire Protection Systems, Inc. and its guarantor and president, Harold S. Larkin. The promissory note in question was for the principal sum of $23,226.48 together with interest at the rate of 15.12% percent per annum from November 30, 1984, payable at the rate of $645.18 per month and thereafter for 36 months until finally paid. The note further provided for 25% percent attorneys fees of the aggregate amount owing should it become necessary to employ an attorney to enforce collection of the unpaid balance.
Defendant's account was in arrears on April 5, 1985 and plaintiff instituted suit on December 23, 1985 seeking the unpaid balance of $21,290.54 together with legal interest from the date of demand, as well as the payment of 25% percent attorney's fees.
A default judgment was taken against all defendants on February 26, 1986 awarding *26 plaintiff the full amount of $21,290.94 together with interest from date of judicial demand and all costs, however, the trial court limited the amount of attorney's fees to $250.00. From this decision, the plaintiff has appealed contending the trial court erred when it did not award 25% percent of the aggregate unpaid balance as attorney's fees pursuant to the terms of the promissory note.
Louisiana Civil Code Article 2000, as amended in 1985, in dispositive of this issue, and reads as follows:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties on, in the absence of agreement, at the rate of twelve percent per annum. The obligee may recover these damages without having to prove any loss and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligee's attorney's fees in a fixed or determinal amount, the obligee is entitled to that amount as well. [Emphasis added]
Civil Code Article 2000 provides us with legal clarity that an obligee, as in a holder of a promissory note, is entitled to recover the stipulated and contracted attorney's fees, as well as the full unpaid principal and interest. This suit was based upon the enforcement of an unpaid promissory note, which stipulated a sum certain in money and surely falls within the parameters of Article 2000.
At one point in our "well settled" jurisprudence provisions in contracts stipulating attorney's fees (inclusive of promissory notes) were considered in the nature of agreements for liquidated damages. Our Supreme Court established jurisprudence fifty-two years ago in the case of W.K. Henderson Iron Wks. & S. Co. v. Meriwether S. Co., 178 La. 516, 152 So. 69 (1934) stated the clear intent of our law:
A stipulation for attorneys' fees in case an obligation should not be paid at maturity, and the services of an attorney are necessary for the collection thereof, is a stipulation for liquidated damages and becomes due in full when the obligation is not paid at maturity and the services of an attorney become necessary to enforce the same, regardless of the extent or value of such services.
See also Snider v. Bozarth, 180 So.2d 800 (La.App. 4 Cir.1965) and Holstead v. Lewis, 160 So. 834 (La.App. 2 Cir.1935).
However, prior to the passage in 1985 of Senate Bill 202, Act. No. 137 amending Civil Code Article 2000, the courts had chipped away the contractual stipulation of "25%" attorney's fees. As the trial judge apparently reasoned in this case, 25% attorney's fees was unreasonable and excessive and was not responsive to the amount of legal effort and skill necessary to litigate this matter.
Notwithstanding the trial court's able effort to comply with popular judicial pronouncements and ethical standards, our Legislature has brought back our prior jurisprudence from its judicial grave. In 1985, Civil Code Article 2000 was amended and was remedial in nature, consequently is applied retrospectively and prospectively to any delay in performance of an obligation (e.g. promissory note) which has as its object a sum of money, arising prior to, on, or after July 3, 1985.
Therefore, we find the clear intent of our legislature was to bridge prior established jurisprudence with present contractual rights and obligations and hold again, that when the services of an attorney are necessary for the collection of an obligation which can be ascertained in a sum of money, because the maker fails to pay the agreed sum and the attorney's fees are stipulated in the agreement (note), then the stipulated attorney's fees become due in full when the obligation is not paid, regardless of the extent of value of such services.
Accordingly, we hold that because the only clear and reasonable interpretation of Civil Code Article 2000, as amended in 1985, requires us to conclude that the trial *27 court erred, we therefore reverse the judgment insofar as the award of attorney's fees. In all other respects the judgment of the trial court is affirmed.
Accordingly, the judgment of the trial court is amended to cast the defendants for 25% attorney's fees of the aggregate amount of principal and interest, together with all costs.
REVERSED IN PART, AMENDED AND RENDERED.