KNOLL, Judge.
MOTION TO REMAND
The defendants-appellants, B. Ray Champagne and Environmental Concepts, Inc., move to remand this case which is now pending before this court on appeal.
This suit, by Peter Michael Martin, sought to enforce two promissory notes and a mortgage. The trial court rendered a judgment on January 6, 1987, and signed the same on January 12, 1987. This judgment found the movers liable to the plaintiff in solido for the principal amount of fifty-two thousand three hundred seventy nine and 78/100 dollars ($52,379.78), together with accrued interest of three thousand one hundred eighty-two and 07/100 dollars ($3,182.07), and twenty thousand seven hundred sixty-five and 45/100 dollars ($20,765.45) in attorney’s fees. Interest at twelve (12%) per cent was also tacked on, as well as twenty-five (25%) per cent as attorney’s fees on such interest. A mortgage executed in Peter M. Martin’s favor by Environmental Concepts, Inc., was also recognized as valid, and partially secured the amount of the judgment in the amount *323 of three thousand two hundred sixty-eight and 51/100 dollars ($3,268.51).
On April 23, 1987, the movers motioned the trial court for, and were granted a devolutive appeal. Subsequently, this motion to remand was filed, on the basis that a recent case from this State’s Supreme Court, Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987), has changed the law since the signing of the judgment by the trial court, and is authority for the proposition that the award of attorney’s fees by the trial court is excessive. Thus, the mover wishes a remand, in order for the trial court to reconsider the judgment in so far as it relates to attorney’s fees.
LSA-C.C. Art. 2000 addresses the issue of damages when the performance of an obligation, whose object is a sum of money, is delayed. Included in the article is the legislative mandate that,
... If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney fee in a fixed or determined amount, the obligee is entitled to that amount as well.
The recent case of Bank of St. Charles v. Fire Protection Systems, Inc., 497 So.2d 25 (La.App. 5th Cir.1986), relied upon by the trial court, held that stipulated attorney’s fees are liquidated damages, and that LSA-C.C. Art. 2000 expresses the clear intent of the legislature to require an obli-gee to pay the attorney’s fees stipulated, if an attorney is employed for the collection of that obligation. Our brethren of the Fifth Circuit went on further to state that stipulated attorney’s fees are due regardless of the value of such services.
The trial court, relying on Bank of St. Charles, supra felt that LSA-C.C. Art. 2000, amended in 1985, legislatively overruled Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), which held to the contrary.
The Supreme Court, more recently in Central Progressive Bank supra, has clearly stated that the constitutional mandate of Art. 5 Sec. 5(B) of the Louisiana Constitution 1974, provides the Supreme Court with exclusive jurisdiction over disciplinary proceedings against a member of the bar. Thus, the legislature cannot legislatively take away the constitutional authority given the court, and notwithstanding LSA-C.C. Art. 2000, the courts may inquire into the reasonableness of attorney’s fees.
Considering that the principal amount of the note that the movers are liable for is fifty-two thousand three hundred seventy nine and 78/100 dollars ($52,-379.78), an award of twenty thousand seven hundred sixty-five and 45/100 dollars ($20,765.45) in attorney’s fees appears on its face as excessive. Since the trial court felt it could not inquire into the reasonableness of attorney’s 'fees, and there is not sufficient evidence in the record for the court to decide this issue, the case is remanded to the trial court for the purpose of reconsidering the issue of attorney’s fees.
CASE REMANDED.