JiDECUIR, Judge.
This appeal arises from a suit on a promissory note by Richard M. Miller against Ir-shaid Incorporated and Fawzi Irshaid, individually. The suit alleged that Miller was the holder of a promissory note in the amount of $50,000 executed on June 12,1995, by defendant Fawzi Irshaid, individually and as president of Irshaid, Inc., payable in monthly installments of $1,000 beginning July 12, 1995, and each month thereafter until paid. The suit further alleged that defendants paid the first two monthly installments, but failed to pay installments due on September 12, October 12, November 12, and December 12, 1995, and under the terms of the note the entire unpaid balance became due and exigible, together with interest and attorney’s fees.
Irshaid answered alleging that the promissory note was executed in connection with a sale and mortgage of property, which included a convenience store, cafe and immovable property, and that consideration for the sale was the sum of $69,621.69 of which $19,621.99 cash in hand was paid to Miller. Irshaid further answered that immediately after execution of the sale and mortgage, he paid Miller the sum of |2$30,000, which was to be applied to the $50,000 note, thus reducing the indebtedness to $20,000.
Miller contends on appeal that the $30,000 was not a payment on the promissory note, but rather payment made under an oral contract for sale of a video poker business.
The trial court considered parol evidence on the issue of the $30,000 payment, finding that the payment was made as consideration for the purported video poker business. The trial judge granted judgment in favor of plaintiff in the sum of $49,041.48, together with legal interest and attorney’s fees in the amount of 25% on the aggregate of the principal and interest due. Defendants appeal contending that the trial court erred in admitting parol evidence to vary the terms of the sale contract and in awarding excessive attorney’s fees.
On June 12, 1995, plaintiff and defendant, Irshaid, Inc., through its president, Fawzi Irshaid, executed a sale with mortgage, whereby plaintiff sold to defendant the following described property:
1) That certain ongoing business known as Mini-Mart Grocery located in Hessmer, Avoyelles Parish, Louisiana owned and operated by Richard Miller; including but not limited to the name Goodwill, merchandise inventory, furnishings, fixtures, buildings and improvements.
2) A certain tract or parcel of land together with all buildings and improvements thereon, situated in the Village of Hess-mer, Avoyelles Parish, Louisiana, fronting on La. Highway 115 leading from Marks-ville to Hessmer, the same measuring approximately 159 feet on the north, 66 feet on the south, 180 feet on the east and approximately 210 feet in an irregular fashion on the west; and bounded now or formerly on the north by Clarence Robin, south by Augustine Villemarette, Ivan Vil-lemarette and Calvin Villemarette, east by La. Highway 115 and west by Ivan Ville-marette and Calvin Villemarette. This is the same property acquired by Richard M. Miller, et ux. in three (3) separate acts of Sale from Ralph J. Deshotel dated October 8,1971, from Ralph J. Deshotel dated February 7, 1972 and from Ivan Villemarette, et ux. dated July 7, 1972 recorded in COB 246 page 45, COB 247 page 654 and COB 250 page 33 respectively in the Records of Avoyelles Parish, Louisiana.
The sale also contains the following language:
|3The accounts receivable and the accounts payable as of the date of this sale are specifically retained by vendor. The intent and purpose hereof is that the vendor is selling and said vendee is buying each and singular, the above described business in its entirety and as a ongoing business. (Emphasis added).
Finally, the consideration for the object of the sale is stated as follows:
*712 The price and consideration for the said business and home conveyed herein is the sum of SIXTY NINE THOUSAND SIX HUNDRED TWENTY-ONE 90/100 ($69,-621.69) DOLLARS, of which the sum of NINETEEN THOUSAND SIX HUNDRED TWENTY-ONE AND 99/100 ($19,621.99) DOLLARS is paid in cash, the receipt of which is hereby acknowledged; and for the balance of FIFTY THOUSAND AND 00/100 ($50,000.00) DOLLARS, vendee and it’s president personally has executed one certain promissory note of even date herewith made payable to RICHARD M. MILLER in the amount of FIFTY THOUSAND AND 00/100 ($50,-000.00) DOLLARS with six percent (6%) per annum interest from June 12, 1995 until paid and payable as follows:
$1,000.00 per month beginning July 12,-1995 and each month thereafter until paid in full.
The record reflects that the cafe contained video poker machines owned by a third party who paid Miller a portion of the income received from the video poker machines operated in the cafe. It is undisputed that Miller did not own the video poker machines located on the property. There is no dispute that the building housing the cafe and the cafe business was sold to Irshaid. It is undisputed that Irshaid paid the sum of $30,-000 to Miller by bank money order on June 12, 1995. The record reflects that Miller’s tax return for the year 1995 indicates the $30,000 payment as the sales price for inventory. We note further that Miller testified at trial as follows:
Q. So was the thirty thousand for inventory?
A. More or less, I was just — I was comfortable with it because I was getting that cash for merchandise that could have been moved out or and also my good will for the video poker machines which I was doing very good with.
Finally, the evidence reflects that the proceeds derived from video poker is included as income to the Mini-Mart.
|4We find that the trial court erred in allowing parol evidence that the $30,000 payment was made pursuant to an oral contract for a video poker business operated as part of the business and property sold pursuant to the sale and mortgage. Antecedent verbal agreements which are in conflict with a written agreement cannot be proved by parol evidence. Mott v. Phillips, 372 So.2d 223 (La.App. 3 Cir.1979); Pelican Homestead v. Airport Mini-Warehouses, Inc., 531 So.2d 524 (La.App. 5 Cir.1988). In any event, the record is devoid of any written documentation of a separate video poker business. Miller never owned the video poker machines. The sale contains no reservation of rights to a separate video poker business. The language of the sale and mortgage is clear and unambiguous that the ongoing business known as Mini-Mart was sold in its entirety. Thus, we reverse the trial court’s finding and conclude that the $30,000 payment is to be applied to the promissory note. The judgment of the trial court is amended to reflect a credit in the amount of $30,000 in favor of Irshaid Inc. and Fawzi Irshaid, individually.
Finally, we address appellants’ contention that the trial court’s award of attorney’s fees is excessive. The promissory note in the case sub judice provides for attorney’s fees of 25% of the amount to be collected on the note. The trial court awarded attorney’s fees in the amount of 25% on the aggregate of the principal amount of $49,041.48 and legal interest.
Courts may inquire into the reasonableness of attorney’s fees contractually provided for by the parties. See Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987); and Martin v. Champagne, 507 So.2d 322 (La.App. 3 Cir.1987). Although appellants request a remand on the issue of attorney’s fees, we find sufficient evidence in the record for a determination of reasonable attorney’s fees by this court. Based on our review of the record, we award attorney’s fees in the amount 15of $3,000.00 on the principal amount of $19,041.48 together with legal interest. Thus, the judgment of the trial court is amended to reflect an award of $3,000.00 in attorney’s fees in favor of plaintiff Miller on the aggregate of the principal and interest due.
*713 Costs of appeal are assessed one-half to appellee and one-half to appellants.
REVERSED IN PART AND AFFIRMED AS AMENDED.