417 So.2d 40 (1982)
Dennis DUCLOS
v.
UNITED STATES FIRE INSURANCE COMPANY.
No. 14898.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Randolph C. Slone, Slidell, for plaintiff, appellee.
Louise A. Ferrand, New Orleans, for defendant, appellant.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
This is a suit to recover amounts allegedly due by defendant United States Fire Insurance Company to plaintiff Dennis Duclos under a policy of insurance issued to plaintiff by defendant. Plaintiff's petition was filed on April 8, 1981, and was served on the Secretary of State on April 15, 1981. On May 1, 1981, defendant filed a motion for an extension of time to plead, which reads as follows:
"ON MOTION of United States Fire Insurance Company defendant, appearing herein through undersigned counsel, and on suggesting to the Court that counsel will require an additional 20 days within which to file responsive pleadings due to the fact that copy of the petition has just been received and considered factual investigation must be made.
"IT IS ORDERED BY THE COURT that defendant United States Fire Insurance Company be and hereby granted an additional delay of 20 days within which to file responsive pleadings herein."
The motion was signed by a judge on May 12, 1981. On May 29, 1981, a preliminary default was entered against the defendant, *41 and on June 5, 1981, the default was confirmed and judgment signed in favor of plaintiff and against defendant as prayed for. On June 12, 1981, defendant filed an answer, and on June 23, 1981, a motion to set aside the judgment of June 5, 1981.
After a hearing on the motion, it was denied, and defendant has appealed both the June 5, 1981 judgment and the judgment denying the motion to set aside the June 5, 1981 judgment. The latter judgment has not been reduced to writing, and does not appear in the minutes of the court.
Article 2002 of the Code of Civil Procedure provides:
"A final judgment shall be annulled if it is rendered:
"(1) Against an incompetent person not represented as required by law;
"(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
"(3) By a court which does not have jurisdiction over the subject matter of the suit.
"Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
It is clear that, if the preliminary default entered on May 29, 1981 was premature, the judgment of confirmation is absolutely null. Whether the preliminary default was prematurely entered depends on the interpretation placed on the order extending the time to plead.
Plaintiff argues, and the trial court held, that granting "an additional delay of 20 days," had the effect of adding 20 days to the original delay for answering. The original delay for answering expired on April 30, 1981, and 20 days thereafter would be May 20, 1981, well before the day on which the preliminary default was entered.
Defendant argues that the 20 day extension did not begin to run until May 12, 1981, the day on which the order was signed, making the final day for answering June 1, 1981, three days after the preliminary default was entered.
Ordinarily, an order or judgment will take effect only from the date on which it is signed. This is particularly true when the granting or denial of the order lies within the discretion of the trial judge, as in the case of a request for an extension of time to plead. Article 1001, Code of Civil Procedure.
Had plaintiff entered and confirmed the preliminary default between May 1 and May 11, 1981, the subsequent granting of an extension of time to plead would not invalidate the default judgment rendered prior thereto. Similarly, when the motion for extension of time is granted, it should take effect only from the date of signing, and the extension should run from that time.
We therefore conclude that the delay for answering expired on June 1, 1981, and that the preliminary default entered on May 29, 1981, was premature. It follows that the judgment rendered on confirmation of that default is absolutely null, under the express terms of Article 2002 of the Code of Civil Procedure.
The judgment appealed from is therefore reversed and the case remanded to the trial court for further proceedings, according to law. All costs of this appeal shall be paid by plaintiff. All other costs shall await final determination of the case on its merit.
REVERSED AND REMANDED.