449 So.2d 1181 (1984)
CITY BANK & TRUST COMPANY OF SHREVEPORT, Plaintiff-Appellee,
v.
The HARDAGE CORPORATION, et al., Defendant-Appellant.
No. 16155-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
Kennedy, Goodman & Donovan by John M. Frazier, Shreveport, for defendant-appellant.
Bodenheimer, Jones, Klotz & Simmons by William E. Byram, Shreveport, for defendant-appellee.
*1182 Skeels, Baker, Coleman & Strickland by Charles W. Strickland, Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
The Hardage Corporation appeals a default judgment on a promissory note awarding 25% of the aggregate amount of principal and interest collected as attorney's fees assigning as their sole error the granting of the attorney's fees as provided in the note without sufficient proof of the adequacy or excessiveness of the fee. We amend and affirm.
On August 17, 1983, City Bank and Trust Company of Shreveport sued The Hardage Corporation, James H. McConnell and Mr. and Mrs. Jackie T. Fair on a promissory note for the sum of $50,000 together with 19.5% per annum interest on the unpaid balance from June 5, 1983, until paid, plus 25% of the amount collected as an attorney's fee and for all costs of these proceedings. On September 9, 1983, a preliminary default was entered against The Hardage Corporation which was confirmed on September 14, 1983, granting judgment as prayed for against the corporation only.
The promissory note sued upon provides:
Should it become necessary to place this note in the hands of an attorney for collection, the maker shall pay all costs of collection, including the fee of such attorney which is fixed at twenty-five (25%) percent of the amount to be collected.
Our review of the record reveals that it is devoid of any testimony or other evidence introduced to prove the value of the services rendered by the attorney for the Bank in connection with the collection of the note. In fact, the record available for our review contains the original petition with attachments, a minute entry showing the entry of the preliminary default and a minute entry showing the confirmation of the default judgment. Consequently, as reflected by the record, the requisite work necessary to obtain this judgment apparently consisted of the securing of the necessary documentary proof of the debt, the preparing of and obtaining the execution of the affidavit of correctness of account, the drafting of the original petition, the obtaining of the debtors' addresses for purposes of service, the entering of a preliminary default, the drafting of the judgment, and the appearing in court without witnesses for confirmation of the default. Under the terms of the note reflected by the judgment, for this amount of work the fee would be a minimum of $12,500.
Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), addressed the issue of whether the courts may inquire into the reasonableness of attorney fees which have been fixed in a note by the parties as a percentage of the amount due upon the default of the debtor and held that although parties are permitted to contract with respect to attorney fees, these fees are subject to review and control by the court. Accordingly, despite such a provision in a note, the courts may inquire into the reasonableness of the fee awarded.
This court has held that Leenerts Farms does not limit the trial court in its determination to reduce an excess fee provided for in a note to a case where the issue is asserted by a defendant at trial but rather provides the authority for the trial court to inquire into the reasonableness of an attorney's fee provision in a note as a matter of public policy whether or not the issue is raised by the opposing party. Knighten v. Knighten, 447 So.2d 534 (La. App. 2d Cir.1984). Extending that rationale further, we conclude that the policy inherent in the Leenerts Farms decision makes a judgment obtained by default in which a fee is awarded in accordance with an attorney's fee provision in a note reviewable by this court to determine if it is excessive.
The determining criteria for reviewing attorney's fees are found in DR 2-106 which provides:

*1183 (A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Applying the provisions of this rule to the facts of this case, we conclude that the fee awarded is clearly excessive because we are convinced that the fee is in excess of a reasonable fee for the amount of work reflected by this record. Therefore, it is prohibited by the Code of Professional Responsibility and cannot be upheld.[1]
The Hardage Corporation contends that we should remand the case to the district court for a hearing to determine what would be a reasonable fee under the facts of this case. While the general rule is that the trial court is in the best position to determine what is a reasonable fee under the facts of a particular case, appellate courts can set fees when the record reflects a basis therefor. McCarthy v. Louisiana Timeshare Venture, 426 So.2d 1342 (La.App. 4th Cir.1982). See also Knighten v. Knighten, supra. Because this record reflects a basis on which we can fix a reasonable fee there is no necessity for a remand.
Our review of the record leads us to conclude that a reasonable fee for the legal services rendered in obtaining this judgment is $1500 and we amend the judgment accordingly to award attorney's fees in that amount against The Hardage Corporation.[2]
For the foregoing reasons, the judgment of the trial court is amended to fix the attorney's fees awarded in favor of City Bank and Trust Company of Shreveport and against The Hardage Corporation in the amount of $1500. As amended, the judgment is otherwise affirmed.
JUDGMENT AMENDED AND AS AMENDED IS AFFIRMED.
NOTES
[1] In arriving at this conclusion we note the 1983 amendment to La.C.C. Art. 1935 which provides:

The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more. But where the parties, by contract in writing, have expressly agreed that the debtor shall also be liable for the creditor's attorney fees in a fixed or determinable amount, the creditor is entitled to that amount as well.
While it is apparent that this amendment was enacted in response to the Leenerts Farms decision, it is unnecessary that we address its effect on our decision because we conclude that the amendment is substantive, therefore non retroactive and not applicable to the facts of this case.
[2] We are aware that there are other defendants who are being sued in this proceeding as solidary obligors on this note. Because they are not before this court on appeal, this opinion of necessity is limited to the attorney's fees awarded against The Hardage Corporation.