482 So.2d 867 (1986)
CITIZENS BANK AND TRUST COMPANY, Plaintiff-Appellant,
v.
Joe H. ROBERTSON, Defendant-Appellee.
No. 17425-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Rehearing Denied February 20, 1986.
*868 Boles & Mounger by Charles H. Ryan, Monroe, for plaintiff-appellant.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES and NORRIS, JJ.
FRED W. JONES, Judge.
Robertson agreed to sell Buckels, together with other parties, property located in Homer for $250,000. To assist the vendees in securing full financing for the purchase from Citizen's Bank and Trust Company in Arcadia, Robertson signed an instrument (captioned "Continuing Guaranty"), prepared by officials of the lending institution, containing the following clause:
"... we hereby give this continuing guaranty to the said Citizens Bank & Trust Co., Arcadia, Louisiana, its tranferees or assigns, for the payment in full, plus all interest, fees, charges, and attorneys fees of whatsoever nature and kind, of any indebtedness, direct or contingent, of said debtor to said Citizens Bank & Trust Co., Arcadia, Louisiana, up to the principal amount of Fifty Thousand & No/100---($50,000.00) dollars, plus all interest, fees, charges and attorneys fees, whether due or to become due, now existing or hereafter arising."
Robertson pledged a $50,000 certificate of deposit with the bank to secure the guaranty. The vendees had given the bank a promissory note for $250,000 secured by a mortgage for the same amount on the property sold to them by Robertson.
When the vendees/mortgagors became delinquent on the loan the lending bank first withdrew $18,000 from the certificate of deposit pledged by Robertson and applied it on the loan. The bank subsequently withdrew the balance of the $50,000 certificate of deposit and also applied that to the loan.
Later the bank foreclosed on the mortgaged property and purchased it at a public sale. This suit was then filed by the bank against Robertson, alleging that under the above-quoted clause in the "Continuing Guaranty" Robertson owed the balance due on the principal obligation of the vendees/mortgagors to the bank, together with interest due on the principal loan and attorney fees.
Finding that the cited clause of the "Continuing Guaranty" was ambiguous, the trial court admitted Robertson's testimony to establish that his liability under that contract was understood to be limited to $50,000.
The plaintiff bank appealed, asserting the trial judge erred in construing the "Continuing Guaranty" to be ambiguous and allowing the admission of parol evidence to vary its terms, under which Robertson was clearly liable for the sums demanded in the suit.
For the reasons hereinafter explained, we affirm.
We note first that no objection to the admission of parol evidence to vary the terms of the "Continuing Guaranty" was made until considerable evidence to that effect had already been presented. As a consequence, the plaintiff bank waived its objection to the admissibility of that evidence.
Be that as it may, we agree with the trial judge that the language of the cited clause of the contract is ambiguous, as it *869 refers to a continuing guaranty for payment in full, together with "interest, fees, charges, and attorney fees" up to the principal amount of $50,000, and then adds "plus all interest, fees, charges, and attorney fees..."
The source of the ambiguity in this contract appears to be obvious. A continuing guaranty (or contract of suretyship) usually relates "to a future liability of the principal, under successive transactions, which either continue his liability or from time to time renew it after it has been satisfied." Black's Law Dictionary, 5th Ed. (1979); Boyle v. Fringe Facts, Inc., 414 So.2d 1333 (La.App.2d Cir.1982).
If it was the lending bank's intention in this case to obligate Robertson, as surety, for the items listed in the suit as well as the $50,000, the bank did not properly modify its "Continuing Guaranty" form to accomplish this with the required clarity. Therefore, the clause in question is ambiguous.
Any ambiguity in a contract is construed against the drafter. Kenner Industries v. Sewell Plastics, 451 So.2d 557 (La.1984); Fullerton v. Scarecrow Club, Inc., 440 So.2d 945 (La.App. 2d Cir.1983). A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party. La.Civil Code Article 2056.
Applying this rule of law, we find that the "interest, fees, charges and attorney fees" used in the "Continuing Guaranty" refer to the $50,000 rather than the principal $250,000 obligation of the vendees/mortgagors. Since the lending bank collected this $50,000 from the certificate of deposit prior to filing suit, it is not entitled to any interest, fees, charges or attorney fees. Although the trial judge did not err in admitting parol evidence, we prefer to dispose of the case on this basis.
For the reasons set forth, the judgment of the district court is affirmed, at appellant's cost.