CRAIN, Judge.
This is an appeal from a default judgment entered against Royal Insurance Company of America in the amount of $1,206,016.90.
Decedent, Ante F. Zelm, was employed as a driver for a trucking firm owned by Dan and Lillie Hebert in Amelia, Louisiana. On March 11,1982, at approximately 4:00 a.m., allegedly during the course and scope of her employment, Zelm was driving a 1982 Chevrolet Fleetside truck in a westerly direction on Louisiana Highway 69 in Iber-ville Parish. Upon approaching the Muddy Bayou Bridge, Zelm’s vehicle crossed the eastbound lane and struck the bridge abutment. The vehicle landed in Muddy Bayou submerged under ten feet of water. Both Zelm and a guest passenger, Dale Berry, died.
On March 2, 1983, Waldemar E. Zelm, Sr., individually and on behalf of his minor children, filed suit against General Motors Corporation and Olivier Chevrolet Co., Inc. of Morgan City. The petition alleged that Zelm’s death was due to carbon monoxide poisoning which was the result of the improper construction, manufacture and design of the vehicle. General Motors filed an answer on March 24,1983. On May 13, 1983, Olivier filed an answer and third party demand against General Motors and Scott Fence Industries, Inc., alleging that Scott had made certain modifications to the vehicle.
The Zelm suit was filed in Iberville Parish. Related suits by the Heberts and by the brothers and sisters of Berry were filed in the Sixteenth Judicial District Court in St. Mary Parish. On October 7, 1983, General Motors filed a motion to transfer the Zelm suit from Iberville to St. Mary Parish. That motion was denied on April 16, 1984. Pursuant to Rule 4-2 of the Uniform Rules of the Courts of Appeal the trial judge, Zelm and Olivier were notified by General Motors of General Motors’ intent to apply to this court for supervisory writs relative to the denial of the motion to transfer. In consideration of the writ application, the trial court issued an order on April 25, 1984, staying all proceedings in this matter until rendition of a decision by the court of appeal concerning the supervisory writs.
On April 25, 1984, the trial court allowed the amendment of the original petition to name Royal Insurance Company of America, the products liability insurer of General Motors, as a defendant. The record before us does not contain a copy of the citation. Appellant alleges, however, that Royal was served on May 1, 1984, after the stay order was issued. We apparently denied writs on the motion to transfer. A copy of this ruling is not included in the record, there *47 fore, we are unable to ascertain when this ruling was issued and when the parties were notified of the ruling.
Pursuant to Rule 10-5 of the Louisiana Supreme Court Rules, General Motors filed a notice of intent to apply for supervisory writs to the Supreme Court. The trial court issued an order on May 29, 1984, staying all proceedings until rendition of a decision in this matter by the Supreme Court. On June 15, 1984, the Supreme Court granted supervisory writs and ordered the transfer of the suit from Iberville to St. Mary Parish. General Motors filed an answer to the supplemental and amending petition on June 15, 1984.
A preliminary default was entered against Royal in the Sixteenth Judicial District Court of St. Mary Parish on July 16, 1984. The preliminary default was confirmed on November 21, 1984, casting Royal in judgment for the sum of $1,206,-016.90. Royal filed an answer on January 2, 1985, after having received notice of the default judgment. From this default judgment Royal appeals raising several assignments of error. Several arguments are made as to the validity of the default judgment both from a substantive and a procedural standpoint. Since we find the default procedurally invalid, we reverse.
Appellant argues that service of the amending petition making Royal a party defendant is a nullity because it was accomplished while the proceedings were stayed. We do not have to decide that question because we find that even if the service was valid, the case was not in a procedural posture for a default to be confirmed.
An order or judgment generally takes effect from the date on which it is signed, particularly where the trial court has the discretion to grant or deny that order. Duclos v. United States Fire Insurance Co., 417 So.2d 40 (La.App. 1st Cir.1982). The original stay order was issued on April 25, 1984. Royal was served with this suit on May 1, 1984, after the proceedings were stayed. Consequently, it was not necessary for Royal to file an answer at that time or at any time during which the stay was in effect. The question then becomes when did the fifteen day time limitation for filing an answer as provided by La.C.C.P. art. 1001 begin to run against Royal, assuming validity of service?
The motion to transfer was granted under the supervisory jurisdiction of the Louisiana Supreme Court as provided by La. Const, art. V, § 5(A). La.C.C.P. art. 2201 provides that supervisory writs may be “granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.” The Louisiana Supreme Court Rules have no specific provision requiring that notice of judgment be mailed by the clerk of the Supreme Court in cases where the court is exercising its supervisory jurisdiction. However, implicit in La.C.C.P. art. 2167 (dealing with application for rehearing and finality of judgments) and Louisiana Supreme Court Rule 9-1 (providing for applications for rehearing) is the requirement that the parties receive notice of judgment. Although an application to the Supreme Court for supervisory writs is not technically an appeal it is readily inferred that the Supreme Court intended that the parties receive notice of its ruling. Ordinarily, rendition of the Supreme Court ruling on June 15, 1984, would result in the dissolution of the stay order assuming the parties were notified.[1] The record does not reflect that Royal received notice of the Supreme Court ruling until after confirmation of the default. Such lack of notice prevents the fifteen day delay for filing an answer from beginning to run against Royal.
*48 Since the fifteen day period for answering did not begin to run until Royal was notified of the Supreme Court decision which would have dissolved the stay order, we hold that the entry of the preliminary default was premature. Accordingly, we reverse the judgment of the trial court and remand for trial on the merits. See Dunaway v. Woods, 470 So.2d 574 (La.App. 1st Cir.1985); Cardone v. G & R Service Center, Inc., 360 So.2d 244 (La.App. 1st Cir.1978). Costs of these proceedings relating to the default judgment and this appeal are assessed against plaintiffs.
REVERSED AND REMANDED.

. In Webb v. Polk Chevrolet, Inc., 451 So.2d 139 (La.App. 1st Cir.1984) this court held that the trial judge does not have to affirmatively remove a stay order once the court of appeal or Supreme Court has disposed of an application for supervisory writs. It was stated therein ^“[O]nce the writ is disposed of, the stay order 'dissolves, particularly when the writ is denied." Webb, 451 So.2d at 142. This case was reversed by the Supreme Court without explanation. Webb v. Polk Chevrolet, Inc., 458 So.2d 469 (La.1984).