506 So.2d 711 (1987)
CENTRAL PROGRESSIVE BANK
v.
Sherry Wyatt, Wife of/and Sam P. BRADLEY.
No. CA 85 0834.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Writ Denied June 12, 1987.
Leslie LeDoux, II, Covington, for plaintiff, appellant.
M.J. Legardeur, Jr., Covington, for defendant, appellee.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.

ON REMAND
The procedural and substantive facts of this case are set forth in Central Progressive Bank v. Bradley, 496 So.2d 525 (La. App. 1st Cir.1986). In that opinion, we held that second mortgage holders in an executory process had no cause of action to contest the reasonableness of a contractual attorney fee for the first mortgage holder because of La.R.S. 9:3530 and La.C.C. art. 2000, as amended by Act 137 of 1985. Specifically, we held that pursuant to Article 2000, as amended, the attorney fee was owned by the first mortgagor as a result of its contract with the creditor (not because of its contract with the attorneys), that the Louisiana Supreme Court did not have constitutional authority to control contracts between nonattorneys since that was the prerogative of the legislator, that the fee was thus controlled by La.R.S. 9:3530, and that reasonableness under Code of Professional Responsibility Rule DR 2-106 was not at issue. Because of this holding, it was unnecessary to pass on the second mortgagor's assignment of error concerning the reasonableness of the fee.
In Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987), (decided February 13, 1987, under docket number 86-C-2242), the Louisiana Supreme Court in a per curiam opinion reversed and observed, in part, as follows:
Since art. 2000 attempts to regulate attorney fees, it will not be enforced when the attorney fees fixed by the parties are excessive and unreasonable. Notwithstanding art. 2000, the courts may inquire into the reasonableness of such a fee.
See a discussion of such a disposition in Comment, Stipulated Attorney's Fees: A *712 Compromising Position, 47 La.L.Rev. 153 (1986). This case was remanded to us to review the trial court's judgment setting a reasonable attorney fee at $3,500.

REASONABLE ATTORNEY FEE

(Cumbos' Assignment of Error 1)
The Cumbos (second mortgage holders) answered the appeal and asserted the "trial court erred in reducing the attorney's fees due to appellants from $10,800.00 to $3,500.00 when the evidence established that a maximum of $1,500.00 would have been reasonable."
Pursuant to Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 219 (La.1982), factors to be considered in determining the reasonableness of an attorney fee include the following in Code of Professional Responsibility, DR 2-106(B):
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
(These factors are now found in Rule 1.5[a] of the Rules of Professional Conduct of the Louisiana State Bar Association, which replaced the Code of Professional Responsibility, effective January 1, 1987.)
A trial court judge has much discretion in fixing an attorney fee, and his award will not be modified on appeal absent a showing of an abuse of that discretion. Aetna Finance Company of Baton Rouge v. Perkins, 448 So.2d 121 (La.App. 1st Cir. 1984).
At the trial of the intervention, the attorney for Central Progressive Bank (Bank), Leslie E. LeDoux, II, testified he hand drafted the petition for executory process. He kept no time records on this case but estimated he spent between eight and ten hours on it. His normal hourly fee is $100 per hour. This foreclosure took him a little longer to draft but, otherwise, did not give him more difficulty than ordinary. This case did not preclude him from taking any other employment more than any other foreclosure. He usually handles these matters for a fee of 10% of the principal and interest recovered. He never handled this type of case for a fixed rate. He was familiar with three other firms, and their fee arrangements were "parallel" with his. The fee herein was approximately $10,800.
A. William Mysing, Jr. testified he had been a practicing attorney for nineteen years. During this time, he handled about three hundred foreclosures for a bank. His per case fee was $750 minimum for taking the case through the sheriff's sale, if the total of principal and interest, or less, was received. If the bank received excess dollars, his fee would be more and calculated on a case by case basis. He only charged a $10,000 fee once, and that was for a very large, complicated, contested foreclosure.
Milton M. Cox testified he was the Vice-President and Senior Loan Officer for the Bank. The Bank's fee arrangement with LeDoux was 10% of the principal and interest. The First National Bank also had this same fee arrangement. The total amount of principal and interest due in this case was $110,925.75.
The record in this case shows LeDoux filed a six page petition for executory process and a three page supplemental and amending petition. He also filed a peremptory exception raising the objections of no right and no cause of action to the intervention with a one page memorandum and a one plus page supplemental memorandum. Thereafter, he filed a second supplemental memorandum of two pages. The court minutes show LeDoux participated in the one day court hearing on the intervention. Finally, LeDoux filed a one page post-hearing memorandum.
*713 After reviewing the facts, we conclude that the trial court did not abuse its discretion in fixing a $3,500 attorney fee.[1]Cf. National Bank of Bossier City v. Nations, 465 So.2d 929 (La.App. 2nd Cir.1985) ($5,000 fee for one day trial to collect $300,000 note); City Bank & Trust Company of Shreveport v. Hardage Corporation, 449 So.2d 1181 (La.App. 2nd Cir.1984) ($1,500 fee for taking a default judgment on a $50,000 note).
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court fixing the attorney fee herein at $3,500 is affirmed. The Bank [2] is cast for the cost of the intervention and the cost of this appeal.
AFFIRMED.
GROVER L. COVINGTON, C.J., concurs.
NOTES
[1] The Bank in this appeal did not seek an increase in the attorney fee for the appellate legal work.
[2] We have cast only the Bank for costs because we previously held the attorneys were not proper parties to the intervention because Code of Professional Responsibility, Rule DR 5-103 (now Rule 1.8[j] of the Rules of Professional Conduct) precludes an attorney from acquiring a proprietary interest in the cause of action he is conducting for his client, an intervenor cannot add new parties to an action, and pursuant to La.C.C. art. 2000, as amended by Act 137 of 1985, the attorney fee contracted for between the creditor (Bank) and the debtors (Bradleys) is owned by the Bank (not the attorneys). The per curiam reversal herein does not appear to have reversed these holdings.