535 So.2d 1074 (1988)
JACKSON PARISH BANK, Appellee,
v.
Donald G. DURBIN, Appellant.
No. 20041-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
*1075 Touchstone & Wilson by David M. Touchstone, Shreveport, for appellant.
William H. Baker, Jonesboro, for appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
This is an appeal from a default judgment rendered against the defendant, Donald G. Durbin. The plaintiff is Jackson Parish Bank. We amend in part and affirm.

FACTS
This appeal arises from the defendant's default on a promissory note. The plaintiff instituted suit against the defendant on September 29, 1986, seeking the amount due on the note and recognition of its collateral mortgage. Domiciliary service of the citation and petition was made on the defendant on October 29, 1986, as evidenced by the sheriff's return contained in this record.
The record reflects no answer was filed by the defendant within fifteen days of service.[1] On November 14, 1986, a preliminary default was entered against the defendant in the court minutes.[2]
By motion filed November 21, 1986, the defendant requested an extension of time *1076 in which to file responsive pleadings. The order prepared by the defendant and signed by the trial judge on November 24, 1986, reads as follows:
"IT IS ORDERED that DONALD G. DURBIN, be and he is hereby granted an additional thirty (30) days or until December 10, 1986, within which to complete its investigation and file responsive pleadings herein."
On December 19, 1986, the plaintiff obtained confirmation of the judgment of default entered in the minutes on November 14, 1986.
On January 2, 1987, the defendant filed an answer and reconventional demand. On January 9, 1987, the defendant filed a motion for new trial, alleging the delay for answering granted by the extension had not expired, that the confirmation had occurred prior to the expiration of the extension, and that the subsequent default judgment should be annuled. The motion for new trial was denied by the trial judge.
The defendant now appeals from the default judgment.

ISSUES
The issues presented on appeal are:
(1) Was the preliminary default confirmed against the defendant prematurely, rendering the default judgment null;
(2) Did the defendant rebut the presumption that the default judgment was rendered on competent evidence and is correct;
(3) Is the award of attorney's fees to the plaintiff in the amount of 25% of principal and interest excessive?

The Confirmation of the Preliminary Default
The defendant first argues the order signed November 24, 1986, gave him 30 days within which to answer, during which interval the plaintiff was prohibited from confirming the preliminary default. Because the confirmation occurred on December 19, 1986, within 30 days of November 24, 1986, the defendant argues the default judgment entered against him is absolutely null.
We first note an order takes effect from the date it is signed. A request for an extension of time to file pleadings begins to run from the date the order is signed. A preliminary default entered in the minutes after the order is signed and prior to the running of the extension is premature and invalid. A default judgment confirmed on the basis of a preliminary default so entered is absolutely null. Finally, when the confirmation occurs after the order is signed and prior to the running of the extension, the default judgment rendered is absolutely null. Dunaway v. Woods, 470 So.2d 574 (La.App. 1st Cir.1985); Duclos v. United States Fire Ins. Co., 417 So.2d 40 (La.App. 1st Cir.1982).
Herein, the preliminary default was entered after the appropriate delays under LSA-C.C.P. art. 1001 and LSA-C.C.P. art. 1702[3] but before the date the order was signed by the trial court granting the defendant the extension of time in which to plead. Defendant's argument that the subsequent default judgment must be annulled[4] on the basis that the preliminary default was premature therefore fails. Duclos, supra.
The issue is whether the default judgment is rendered null because it was confirmed prior to the running of the extension of time. Resolution of the issue depends on interpretation of the order signed by the trial judge granting the defendant *1077 an extension of time in which to answer.
The defendant acknowledges the order prepared by him by its specific terms limited the extension to "thirty (30) days or until December 10, 1986" in which to answer. The defendant argued at the trial court and again urges on appeal the language of the order should be interpreted as granting the defendant 30 days from November 24, 1986 in which to answer. The trial court disagreed, finding the extension had expired "by its clear language on [December 10, 1986]", and the default judgment which was entered on December 19, 1986, not premature by virtue of entry within the extension period.
We conclude the reasoning of the trial court is correct. Defendant prepared the order containing the restrictive date. Defendant was aware when the trial judge signed the order that the extension would terminate on December 10, 1986. The language of the order is unambiguous and there is no basis for an interpretation extending the time period beyond that date.[5]
We conclude the extension of time in which to plead expired on December 10, 1986. The confirmation of the preliminary default was properly effected after the expiration of the extension and prior to defendant's answer filed on January 2, 1987.[6] The defendant's argument that the default judgment is null based upon a premature confirmation of the preliminary default is without merit.

Sufficiency of the Evidence
The defendant also contends the plaintiff did not prove a prima facie case sufficient to confirm the preliminary default. The defendant contends the affidavit of correctness submitted by the plaintiff is defective and that the default judgment should not have been rendered based upon this insufficient evidence.
A judgment of default must be confirmed by proof of the demands sufficient to make out a prima facie case. LSA-C. C.P. art. 1702. The essential elements of the prima facie claim must be proven by competent evidence, with legal certainty, as fully as though each allegation was specifically denied by the defendant. C & V Gravel, Inc. v. Maco Construction Corp., 465 So.2d 938 (La.App. 2d Cir.1985).
On appeal, there exists a presumption that the default judgment was rendered upon sufficient evidence and that it is correct. To obtain a reversal of a default judgment, the defendant must overcome this presumption. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); C & V Gravel, Inc., supra; Bank of Jena v. Clark, 452 So.2d 428 (La. App. 3d Cir.1984); writ den., 458 So.2d 476 (La.1984).
LSA-C.C.P. art. 1702 provides, in part:
(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
The plaintiff filed an affidavit of correctness at the confirmation hearing pursuant to article 1702. The affiant was William R. McDonald, Executive Vice-President of Jackson Parish Bank. The affiant stated he was well acquainted with the books and records pertaining to the defendant, Donald G. Durbin. By reference to the amount alleged in the petition, the affiant stated the defendant is indebted to the plaintiff in *1078 the amount of $17,695.48 plus interest, attorney's fees, and costs. The affiant further stated the defendant has made no payments since the institution of suit.
We find no evidence to support the defendant's contention that the affidavit is defective. In absence of any other evidence supporting defendant's contention, we conclude defendant has failed to overcome the presumption that the default judgment is correct and based upon sufficient evidence.

Attorney's Fees
The defendant's final contention concerns the issue of attorney's fees. The judgment reflects the plaintiff was awarded 25% of the principal and interest due on the note. The defendant argues this fee is excessive and urges this court to reduce the amount awarded or to remand the matter to the trial court for additional evidence.
The defendant contends no evidence was submitted in justification of the award. Defendant contends the award for attorney's fees, which is in excess of $4,000, is excessive.
The plaintiff in response argues this court's review is restricted to a determination of whether the record contains sufficient evidence in support of the default judgment. The plaintiff further cites LSA-C.C. art. 2000 for the proposition that the parties have a right to contract regarding attorney's fees and that the provision in the promissory note providing plaintiff 25% of the balance due plus interest is enforceable as written.
LSA-C.C. art. 2000 provides:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well. [emphasis added]
Notwithstanding the language of LSA-C.C. art. 2000, the courts may inquire into the reasonableness of the stipulated attorney's fees. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987); Sims v. Hays, 521 So.2d 730 (La.App. 2d Cir.1988).
The Model Rules of Professional Conduct, adopted by the Louisiana Supreme Court, effective January 1, 1987, provide guidelines for evaluating the reasonableness of attorney's fees. Model Rule 1.5 provides:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
The record is devoid of any evidence reflecting the value of services performed by the attorney for Jackson Parish Bank. On the face of the record it is apparent plaintiff's attorney filed a petition instituting suit; plaintiff's attorney caused a preliminary default to be entered in the minutes; and that finally, plaintiff's attorney confirmed the preliminary default by the use *1079 of an affidavit rather than appearing in court with witnesses. Further, plaintiff's attorney prepared the documents required for opposition of the appeal. Under the provision contained in the promissory note, the fee awarded to plaintiff's attorney for this work is in excess of $4,000.
In light of the provisions of Model Rule 1.5, we conclude the fee awarded is excessive for the amount of work performed by plaintiff's attorney as revealed by the record. As the record reflects a basis for fixing the fee, we determine remand for the taking of additional evidence is unnecessary. See City Bank & Trust Co. v. Hardage Corp., 449 So.2d 1181 (La.App. 2d Cir.1984). We conclude a reasonable fee for the services rendered by plaintiff's attorney is 15% of the principal and interest due. See Scott v. Noel, 506 So.2d 1313 (La.App. 2d Cir.1987).
We amend the second paragraph of the judgment to read as follows:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, JACKSON PARISH BANK, and against the defendant, DONALD G. DURBIN, after all legal rebates, in the full and true sum of SEVENTEEN THOUSAND SIX HUNDRED NINETY-FIVE AND 48/100 ($17,695.48) DOLLARS, plus interest at an annual percentage rate of 13% until one year after contractual maturity and thereafter at 13% per annum from date until paid, together with 15% additional on principal and interest as attorneys fees and for all costs of these proceedings.
As amended the judgment is affirmed at appellant's costs.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1001 provides:

A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
The court may grant additional time for answering.
[2] LSA-C.C.P. art. 1701 provides, in part:

A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
[3] LSA-C.C.P. art. 1702 provides, in part:

A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
[4] LSA-C.C.P. art. 2002 provides, in part:

A final judgment shall be annulled if it is rendered:
. . . . .
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
[5] Defendant's argument that the order is susceptible of differing interpretations because of reference within the motion twice to the 30 day period and once to the December 10, 1986 deadline is of no avail. The rule applicable to contractual ambiguities is applicable herein: any ambiguity in a contract is construed against the drafter. Citizens Bank and Trust Company v. Robertson, 482 So.2d 867 (La.App. 2d Cir.1986); writ den., 486 So.2d 754 (La.1986).
[6] Of course, defendant still had the right to file an answer after the expiration of the extension. An answer filed prior to the confirmation hearing operates as a bar to a default judgment and necessitates a trial on the merits. Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1st Cir.1977); writ den., 349 So.2d 1269 (La. 1977). Defendant's answer was filed over two weeks after the plaintiff confirmed the preliminary default.