CHEHARDY, Chief Judge.
This is the companion suit to Esteve v. Longo, 549 So.2d 316, decided this day. These consolidated appeals arise from a mortgage foreclosure proceeding in which the holder of the second-ranked mortgage intervened to contest the amount of attorney’s fees claimed by the attorneys for the holder of the first-ranked mortgage, who was the foreclosing creditor.
The dispute arose because the judicial auction of the property brought insufficient funds to satisfy the second mortgage holder’s claim after payment of the principal, interest, costs, and attorney’s fees due on the first mortgage. The facts are discussed in Esteve v. Longo, supra, and it is unnecessary to repeat them here.
The suit before us, a separate proceeding from the foreclosure suit, was brought by the second mortgage holder (Master Automotive Warehouse, Inc.) directly against the first mortgage holder’s attorneys (Jacob J. Amato, Jr., Robert G. Creely, Michael Somoza, and the law firm of Amato & Creely). Master Automotive appeals from judgment dismissing its claim on an exception of no cause of action.
Master sued the above-named attorneys in a lengthy petition. The gravamens of the complaint were, first, that Amato & Creely’s refusal to advise their client to compromise the foreclosure proceedings by making an agreement with Master resulted in unnecessary expense to Master; secondly, that Amato & Creely’s failure to cure a title defect in the subject property caused various financial injuries to Master’s interest in the property.
The defendants responded with exceptions of no cause of action, no right of action, res judicata, and lis pendens. The trial court denied the exception of no right of action, but granted the exception of no cause of action, and found it unnecessary to consider the exceptions of lis pendens and res judicata.
In its reasons for judgment, the court held that the plaintiff had failed to state a cause of action because there were no allegations of privity of contract between the plaintiff and any of the defendants, no allegations that any of the defendants warranted any result to the plaintiff, and no allegation that any of the defendants had ever been retained by the plaintiff.
We agree with the dismissal of the plaintiff’s claim, but on different grounds.
As discussed in Esteve v. Longo, supra, we approve the reasoning employed by the First Circuit Court of Appeal in Central Progressive Bank v. Bradley, 496 So.2d 525 (La.App. 1 Cir.1986), reversed, 502 So.2d 1017 (La.1987), on remand, 506 So.2d 711 (La.App. 1 Cir.1987), because the supreme court’s reversal of the case was directed only against the case’s interpretation of LSA-C.C. art. 2000.
*323 In Central Progressive, the holders of a second mortgage on foreclosed property were found entitled to intervene in the foreclosure proceeding to challenge the reasonableness of the attorney’s fees awarded to the plaintiff creditor’s attorneys, because of the second mortgage holder’s interest in the residue of the judicial sale of the property.
However, the second mortgage holders were held to have no right of action against the first mortgage holder’s attorneys themselves, because the obligation of the debtors to pay the creditor the contractual attorney’s fee flowed from the debtors’ mortgage and mortgage notes, not from the contract between the creditor and its attorneys. Because the attorneys were not necessary parties to such an attack, the court held, the second mortgage holders had no right of action against them.
We adopt that reasoning here. Accordingly, we conclude that Master Automotive has no right of action against Amato & Creely and the attorneys individually. Thus, dismissal of the suit was correct.
Having reached that conclusion, it is unnecessary to address the other exceptions directed to the attorney’s fees issue.
The dismissal of the case extended also to the plaintiff’s claims against the defendants for damages arising out of the cloud on the title. However, those issues have not been raised on appeal; accordingly, we find it unnecessary to examine them.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.