LOBRANO, Judge.
Appellant, Bart’s Lakeshore, Inc., intervened in this lawsuit seeking to enjoin the Civil Sheriff from disbursing funds seized pursuant to a Writ of Fieri Facias and requesting return of the funds. The Writ of Fi Fa was obtained by appellee, William Boxx, pursuant to a default judgment he obtained against Bart’s on the Lake, LTD.[1] That default judgment was the result of Boxx’s claim against Stallings Construction Company, Inc., as general contractor, and Bart’s on the Lake, LTD., as owner, for cabinet work performed pursuant to a subcontract with Stallings. In that principal action, Bart’s on the Lake, LTD. was sued pursuant to La.R.S. 9:4802 which authorizes a claim against the owner where the subcontractor performs work and is not paid.
The seizure was perfected by the Civil Sheriff on a Saturday during regular business hours at the premises operated as a restaurant by the appellant. Boxx’s representative accompanied the Sheriff and designated certain movables as belonging to Bart’s on the Lake, LTD. Appellant objected claiming the property pointed out was its property and should not be seized. The Sheriff responded that appellant’s remedy was to pursue a claim for wrongful seizure or satisfy the judgment. Appellant then “scrounged around and came up with cash in lieu of [the sheriff] removing all of the equipment from the place.” The sheriff accepted the $32,400.00 given to him by appellant and ceased the seizure.
Appellant filed the instant intervention seeking to enjoin the Civil Sheriff from disbursing the cash seized in lieu of the movable property, and requesting its return. The trial court initially granted a temporary restraining order, but then dissolved same and denied the injunction. The court reasoned that the Private Works Act was applicable, and that “[pjlaintiff is therefore entitled to exercise his privilege against successive owners.”
Appellant urges several trial court errors, including several arguments with respect to the Private Works Act, including Boxx’s failure to comply with its statutory requisites, and the Court’s misinterpretation of its applicability. We address these arguments first.
The judgment on which the seizure is predicated was rendered against Bart’s on the Lake, LTD., not appellant.[2] That judgment was rendered as a result of Boxx’s right to pursue its claim as a subcontractor against an owner. La.R.S. 9:4802(A)(1)[3]. The various arguments with respect to Boxx’s failure to comply with statutory requirements and whether Boxx had a valid claim cannot be raised by appellant, but only by Bart’s on the Lake, LTD. Appellant is not the judgment debtor. It cannot collaterally attack the validity of the default judgment which is presumably final.[4] Although an intervenor claiming the proceeds of a judicial sale is not estopped from asserting the invalidity of the claim of the seizing creditor, that is not the situation in the instant case. See, La.C.C.Pro. Art. 1092. Appellant is not seeking to *750 share in judicial sale proceeds since there has been no judicial sale. See, for example, Central Progressive Bank v. Bradley, 496 So.2d 525 (La.App. 1st Cir.1986), reversed 502 So.2d 1017, on remand 506 So.2d 711, writ denied 508 So.2d 74. Although arguments with respect to the applicability of the Private Works Act may have been appropriate in support of the judgment debt-or’s defense of the principal actions, they have no bearing on the instant matter.
The real issue in this case is whether the property which the sheriff attempted to seize belonged to Bart’s on the Lake, LTD. or to appellant. Appellant argues the movables belonged to it and that is the reason it gave cash to the sheriff so as not to have its business interrupted. Boxx argues that the cash payment was really a satisfaction of the judgment and was not a “seizure of appellant’s movables.” Boxx also points out that irrespective of either argument, the cash has been disbursed by the sheriff and therefore a reversal by this Court would be meaningless.
We first conclude that as a judgment creditor, Boxx was entitled to seize any property owned by the debtor, Bart’s on the Lake, LTD. The evidence shows that the current lessee and operator of the premises is appellant. Appellant subleases the premises from NBW Investments, Inc. who purchased the movables and equipment from Marina Development Co., a partnership in commendam. NBW Investments, Inc. also purchased the building and Levee Board lease[5] from Mr. & Mrs. John C. Yemelos. There is no reference to Bart’s on the Lake, LTD. in the chain of title offered in evidence. Under these circumstances there is a presumption that the equipment and movables the sheriff was attempting to seize belonged to appellant, the current lessee. Boxx did not introduce any evidence to overcome this presumption.
Our inquiry, however, does not end here. Boxx argues that the money seized by the sheriff was, in reality, a satisfaction of the judgment. We disagree. The evidence is overwhelming that the cash was seized in lieu of the movables. The sheriff’s receipt states that the money was seized. Mr. Frank DeSalvo, appellant's president, testified that the money was his personal funds and that he gave it to the sheriff in lieu of the movables being seized. The attempted seizure took place on a Saturday during normal business hours and DeSalvo was fearful of his business being severely damaged. Thus, we are satisfied that there was no satisfaction of judgment.
Boxx also argues that this matter is now moot since the Sheriff has disbursed the funds. We disagree. Appellant’s intervention seeks, in addition to an injunction, the return of its funds. The last paragraph of that intervention request both the sheriff and Boxx to show cause why they should not return the funds. The prayer seeks a judgment against Boxx, as well as the sheriff, declaring the seizure to be set aside and ordering the return of the funds. Even though the sheriff may have now disbursed the funds to Boxx, the pleadings clearly request a return of those funds from Boxx. The issue is not moot.
At the conclusion of the hearing on June 15, 1990, the district judge indicated she needed more evidence to determine if the new lessee (presumably appellant) had assumed any of the indebtedness of previous lessees and whether Bart’s on the Lake, LTD. was in fact a lessee at any prior point in time. The record does not show if evidence of these facts were ever provided.[6] To these inquiries we add the principal question of whether the movables to be seized did in fact belong to Bart’s on the Lake, LTD. Furthermore, it is possible that some of the movables may be considered immovables for purposes of satisfying Boxx’s privilege. However, the presumption is that the current lessee, appellant, is *751 the owner of the movables located on its premises. Boxx bears the burden of overcoming this presumption.
Thus, because this matter is not moot and relief has been sought against Boxx as well as the sheriff, we reverse the trial court judgment and remand for further proceedings to answer the inquiries set forth in this opinion. The trial court should conduct an evidentiary hearing, resolve these issues and render judgment accordingly.
REVERSED AND REMANDED.

. Appellant, Bart's Lakeshore, Inc., and Bart’s on the Lake LTD., although similar in name, are apparently two different entities. The record is not clear if the principals are the same.

. Although the judgment recognizes the various privileges accorded Boxx pursuant to the Private Works Act, it also is a money judgment directly against Bart’s on the Lake, LTD.

. Boxx’s lawsuit clearly shows that its claim against Bart’s on the Lake, LTD., personally, is based on the Private Works Statute.

. The amended default judgment was rendered March 29, 1990 and is presumably final. The only conceivable action with respect to that judgment would be a petition for nullity which would have to be filed by Bart's on the Lake, LTD.

. The land is owned by the Levee Board and is under a long term lease that was first issued to Yemelos and then transferred to NBW Investments, Inc.

. The trial court’s judgment states that this matter was heard on June 15, 1990 and March 22, 1991. The record on appeal has the transcript of the June 15th hearing, however there is no transcript of what took place on March 22, 1991.