DUFRESNE, Judge.
This is an appeal by Master Automotive Warehouse, Inc., (Master) plaintiff-appellant, from a partial summary judgment holding that it would not be entitled to recover its attorney fees were it to prevail on the merits in its suit against Jacob Amato, Jr., Robert Creely, Michael Somoza, and the law firm of Amato and Creely, defendants-appellants. Master further urges that it is entitled to a jury trial on the merits of its case, and that the trial judge erred in rejecting its jury demand. For the following reasons, we set aside the partial summary judgment, but affirm the denial of a jury trial.
The facts of these consolidated cases have been set forth in Esteve v. Longo, 549 So.2d 316 (La.App. 5th Cir.1989) and Master Automotive Warehouse, Inc. v. Amato, 549 So.2d 321 (La.App. 5th Cir.1989), and therefore we need not repeat them here in any detail. We do note, however, the following particulars which we deem pertinent to resolution of the issues before us.
The first of these two consolidated cases, Esteve v. Longo, is an executory proceeding in which the house at issue was seized and sold at sheriffs sale to Master, holder of a second mortgage on the property. Master intervened in this suit, contending that the attorneys for Esteve, the first mortgagee, charged an excessive fee for their services, thus improperly reducing the assets available to satisfy the second mortgage, citing Central Progressive Bank v. Bradley, 496 So.2d 525 (La.App. 1st Cir.1986); reversed 502 So.2d 1017 (La.1987); on remand, 506 So.2d 711 (La.App. 1st Cir.1987).
In a prior appeal of this matter, a panel of this court recognized Master’s right to contest the attorney fee under the Rules of Professional Conduct, Rule 1.5, and remanded the matter to the district court for a hearing on this issue, Esteve v. Longo, 549 So.2d 316 (La.App. 5th Cir.1989). We further note here that as an intervenor, Master cannot object to the form of the action, La. Code Civ.Pro., art. 1094. Because this is an executory proceeding, no jury trial is available, La.Code Civ. Pro., art. 1732(3).
The second ease was also before a panel of this court on a prior occasion and the allegations of Master’s petition were there summarized as follows:
Master sued the above-named attorneys in a lengthy petition. The gravamens of the complaint were, first, that Amato & Creely’s refusal to advise their client to compromise the foreclosure proceedings by making an agreement with Master resulted in unnecessary expense to Master; secondly, that Amato & Creely’s failure to cure a title defect in the subject property *314 caused various financial injuries to Master’s interest in the property.
Master Automotive Warehouse, Inc. v. Amato, 549 So.2d 321, 322 (La.App. 5th Cir.1989). Although that panel ruled that Master had no right of action, that determination was reversed by our Supreme Court, and the matter was remanded to the district court, 553 So.2d 472 (La.1989).
On remand, the defendants filed a motion for partial summary judgment on the question of whether Master could recover attorney fees were it to prevail at trial. They also urged that a jury trial was not available in this action. The trial judge ruled that attorney fees were not recoverable and that a jury trial was not permitted. Master seeks review of both rulings.
We note initially that our Code of Civil Procedure provides for “fact pleading”, art. 854, and further provides that a party may be granted any relief to which he is entitled under the pleadings and evidence, art. 862; First South Production Credit Assn. v. Georgia-Pacific, 585 So.2d 545 (La.1991).
In regard to attorney fees, Master contends that this case comes within that section of the Unfair Trade Practices Act, La.R.S. 51:1405, which allows recovery of such fees. While we do not necessarily agree or disagree with that assertion, (but see Thibaut, et al. v. Smith and Loveless, 576 So.2d 532 (La.App. 1st Cir.1990)), we need not, and indeed cannot, reach that question at this stage of the proceedings. Until the facts of this case are determined, it is impossible to say what law might be applicable, and therefore what relief might be appropriate. We therefore reverse the judgment as to attorney fees as being premature. We also note that the partial summary judgment at issue is not one authorized by La. Code Civ.Pro., arts. 966, and 1915. In construing these articles the court in Hawkins v. Cox, 592 So.2d 852, 855 (La.App. 3rd Cir.1991) stated that “a partial summary judgment must grant at least part of the relief prayed for by one of the parties, it cannot merely strike down a theory of the case.” That is precisely what the judgment in the case before us does, albeit indirectly. The result of this judgment is precisely the mischief sought to be avoided by the Code of Procedure, i.e. piecemeal litigation. We therefore set aside the judgment as it pertains to attorney fees.
The final issue is whether Master is entitled to a jury trial in this second case. Under La.Code Civ.Pro., art. 1731, the right to a jury trial is recognized in all actions except those enumerated in art. 1732. As noted above, this entire litigation arises out of the original executory proceeding in which no jury is allowed. The second matter here relates to the actions of attorneys in the conduct of that executory proceeding. Because the factual and legal issues in both cases are inextricably intertwined, we rule that a jury trial is also precluded in this second matter by La.Code Civ.Pro., art. 1732(3).
For the foregoing reasons, we set aside the partial summary judgment on the issue of attorney fees, affirm the denial of plaintiffs request for a jury trial, and remand both matters to the district court for further proceedings.

SET ASIDE IN PART, AFFIRMED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

GRISBAUM, J., concurs in part and dissents in part.