502 So.2d 1017 (1987)
CENTRAL PROGRESSIVE BANK
v.
Sherry Wyatt BRADLEY, et al.
No. 86-C-2242.
Supreme Court of Louisiana.
February 13, 1987.
PER CURIAM.
La.Civ.Code Art. 2000 attempts to regulate attorney fees by stating that "[i]f the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well." La. Const. art. 5, § 5(B) provides that the supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar. The supreme court has a duty to assert that authority to regulate the practice of law. We held in Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), that the prohibition against a lawyer accepting a "clearly excessive fee" found in Disciplinary Rule 2-106 of the Code of Professional Responsibility, cannot be abrogated by a provision in a note fixing the amount of attorney fees as a percentage of the amount to be collected. This prohibition likewise cannot be abrogated by a law fixing the amount of attorney fees as a percentage of the amount to be collected. City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397 (La., 1987). See also Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979). Since art. 2000 attempts to regulate attorney fees, it will not be enforced when the attorney fees fixed by the parties are excessive and unreasonable. Notwithstanding art. 2000, the courts may inquire into the reasonableness of such a fee.
Accordingly, judgment of the court of appeal is reversed. The case is remanded to the court of appeal to review the trial *1018 court's judgment setting reasonable attorney fees.