DUFRESNE, Judge.
This is an appeal of an award of attorney’s fees on the enforcement of a promissory note. The facts of this case are undisputed.
Plaintiff, Sunbelt Federal Bank, F.S.B. (which was later substituted by the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver of Sunbelt) filed suit against the defendants, Larry Catha and Raymond Peacock, alleging they were makers of a promissory note executed on November 7, 1984, in the amount of $30,850, payable in three (3) monthly payments beginning December 6, 1984, and a maturity date of February 6, 1985, bearing interest at the rate of seventeen (17%) per cent per annum.
Sunbelt, alleged that at the time suit was filed, Catha and Peacock were in arrears and pursuant to the terms of the note, Sunbelt declared the entire balance owing. Additionally, Sunbelt argued that defendants owed accrued interest through March 25,1985, in the amount of $1,969.17; interest of 17% per annum from March 26,1985, until finally paid; late charges of $75.00; attorney’s fees of 25% of the entire unpaid *386 debt, including principal and interest; and all court costs.
After a trial on the merits the court awarded Sunbelt the entire amount requested, plus attorney’s fees in the amount of 25% of the unpaid principal and interest. It is the latter part of this judgment which comes to us on appeal.
Defendants contend that the court erred as a matter of law when it awarded 25% attorney’s fees when the record was void of evidence which would substantiate such an award.
It is clear that courts may inquire into the reasonableness of attorney’s fees. When called upon we may examine the record and ascertain whether attorney fees are excessive and unreasonable, even when there exists a contractual stipulation in a note fixing the fees at a percentage of the amount to be collected. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987) Chin v. Roussel, 456 So.2d 673 (La.App. 5th Cir.1984) and Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
In Leenerts and Central Progressive Bank, cited above, the Supreme Court held that courts may examine and inquire as to the reasonableness and excessiveness of attorney’s fees, and supported its decision with the application of Disciplinary Rule 2-106, found in the Code of Professional Responsibility.
As stated before by this court, “we believe the trial court is in a much better position to determine what reasonable fees should be awarded in accordance with counsel’s legal skills, experience, the complexity of the litigation, time expended and results achieved.” Chin v. Roussel, supra, and DR 2-106 of the Code of Professional Responsibility.
Here the trial court after presentation of evidence awarded the plaintiff judgment on the note and attorney fees of 25%. No objection was made by the defendants at this time.
Defendants now allege that the attorney fees are excessive, however, presents no evidence to show that to be. The trial judge has awarded the attorney’s fees and without evidence to show he has abused his discretion or is manifestly wrong; we will not disturb his judgment on appeal.
Accordingly, for the above reasons, the judgment of the trial court is affirmed in all aspects.
AFFIRMED.