539 So.2d 46 (1989)
CONCORDIA BANK & TRUST CO.,
v.
Samuel Thomas LOWRY, et al.
No. 89-C-0003.
Supreme Court of Louisiana.
March 3, 1989.
Reconsideration Denied March 30, 1989.
*47 Writ granted in part and denied in part. The writ is granted for the purpose of amending as follows the portion of the trial court's judgment pertaining to the award of legal interest: Plaintiff is entitled to judgment against the defendants in the full sum of $74,453.14, said amount representing principal and interest due as of August 12, 1986 on the February 1, 1985 promissory note, together with interest on the unpaid principal balance of that note at the rate of 13.5% per annum from August 13, 1986 until December 15, 1986, and thereafter at the rate of 18% per annum until paid. We also reverse the court of appeal's judgment insofar as it affirmed the award for attorney fees of 25% of the amount due, and remand the case to the trial court solely to reconsider the award of attorney's fees in the judgment in light of our decisions in Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987) and Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). Otherwise, the writ is denied.
CALOGERO, J., assigns additional concurring reasons.
DENNIS, J., would grant the writ and decide the questions presented after oral argument with a full opinion.
CALOGERO, Justice, concurring.
I concur in this Court's decision to grant the writ solely for the purpose of clarifying the interest award in the judgment and remanding the case to the trial court for review of the attorney's fee award, and to otherwise deny the writ. As noted in the concurring reasons assigned to the court of appeal's opinion by Judge Foret, there is a pre-legal question, not previously resolved by this Court, as to whether the maker of a collateral mortgage note may be held personally liable, as opposed to liable solely to the extent of the value of the mortgaged property, as a result of a third party's default on the hand note. See M. Rubin, Work of Appellate Courts1978-1979, Security Devices, 40 La.L.Rev. 572, 582-83 (1980). In their writ application, however, relators did not assign error to the court of appeal's finding that they were personally liable for the amount of the hand note. Instead, relators contested only the amount of the judgment, as calculated by the courts below. They did not ask this Court to grant a writ for the purpose of overturning the finding of personal liability. For that reason we have no cause to examine that aspect of the court of appeal's ruling and our denial in part of this writ, which in any event would not have precedential authority, does not in any way suggest how the personal liability issue should be resolved. If we were presented with an application raising this issue, I would be inclined to favor granting such a writ so that this Court could consider and decide the issue.