553 So.2d 1067 (1989)
Howard J. DESSELLE, Jr., et al., Plaintiff-Appellee,
v.
MOREAUVILLE STATE BANK (Mansura State Bank), Defendant-Appellant.
No. 88-771.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
*1068 David Sheffield, Alexandria, for plaintiff-appellee.
Sandoz, Sandoz & Schiff, Gerald Schiff, Opelousas, for defendant-appellant.
Before DOMENGEAUX, YELVERTON and KING, JJ.
DOMENGEAUX, Judge.
This is a dispute over attorney's fees due for the collection of a promissory note. The debtors, Howard and Joyce Desselle, filed this suit for injunctive relief when the creditor, Mansura State Bank, refused to accept as payment in full the tender of the principal and interest due, contending it was also entitled to twenty-five percent attorney's fees stipulated in the note.
The trial judge granted the relief prayed for, ordering Mansura to surrender the note and all collateral upon the receipt of the principal and accrued interest until paid, and further awarding Mansura *1069 $2,000.00 as reasonable attorney's fees. Both parties have appealed.

FACTS
On February 25, 1986, Mr. and Mrs. Howard Desselle executed a $60,000.00 collateral mortgage note in favor of Moreauville State Bank, which was later reorganized as a branch of Mansura State Bank. The Desselles also signed a hand note in the amount of $56,483.00, representing funds advanced under the collateral mortgage note. The hand note was secured by a mortgage on the Desselles' home and a certificate of deposit in the name of their son, Trent Desselle.
On September 30, 1986, approximately five months before the maturity of the hand note, the Desselles filed the first of three separate bankruptcy proceedings which culminated in their discharge in bankruptcy on March 23, 1988.
By a letter dated March 17, 1988, the bankruptcy trustee authorized payment of the principal and interest on the Mansura note. The Desselles arranged financing for this transaction through Simmesport State Bank, which agreed to accept an assignment of the note and collaterals.
On March 18, 1988, the Desselles tendered a money order from Simmesport State Bank in the amount of $62,336.20 as payment in full on the Mansura note. Although this figure contained a $600.00 mistake in the calculation of interest, correspondence between the parties indicates the tender was refused because it did not include twenty-five percent attorney's fees, totalling approximately $15,745.98.

ATTORNEY'S FEES
At the outset, we must reject plaintiffs' claim that no attorney's fees are due because Mansura never made a formal demand for payment. When the hand note matured on February 27, 1987, Mansura was precluded from making any demand for payment because of the pending bankruptcy proceedings. However, in all three bankruptcy filings, Mansura employed various attorneys to protect its interests. Under the terms of the note, which provides for attorney's fees if the note is "placed with a collector, although suit is not brought," the Desselles are clearly responsible for these fees.
We now turn to the more difficult task of determining the amount of fees owed. Although Civil Code art. 2000 provides that an obligor shall be liable for attorney's fees as stipulated in a written contract, the Louisiana Supreme Court has held this article to be unenforceable where such fees are excessive and unreasonable. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987). In holding that enforcement of art. 2000 may violate the Code of Professional Responsibility's ban against a lawyer accepting a clearly excessive fee, the Supreme Court has in effect placed an obligation on the courts to inquire into the reasonableness of attorney's fees stipulated in promissory notes.
The instant case illustrates the practical problems with implementation of the Supreme Court's mandate in Bradley. Here, two parties who would have otherwise reached acceptable payout terms find themselves in court for a judicial determination of reasonable attorney's fees. We have no doubt this very situation will frequently be before us in the future.
Recognizing that "courts should not be in the business of setting fees," the Fourth Circuit has held that the judiciary should not interfere with valid contracts unless a "clearly excessive" fee is involved. Gibson v. Burns, 505 So.2d 66 (La.App. 4th Cir. 1987). A fee is clearly excessive when "it is so grossly out of proportion with fees charged for similar services by other attorneys in the locale as to constitute an unquestionable abuse of the attorney's professional responsibility to the public." Gibson v. Burns, supra, at page 69, citing Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
The trial judge first determined that a $15,745.98 fee, twenty-five percent of the principal balance and interest totalling $62,983.92, was clearly excessive. We will not disturb this finding of fact on appeal, where it is well supported by the jurisprudence *1070 interpreting Bradley. See Martin v. Champagne, 507 So.2d 322 (La.App. 3rd Cir.1987); Scott v. Noel, 506 So.2d 1313 (La.App. 2nd Cir.1987).
After hearing detailed testimony on the work done by each attorney in this case, the trial court then determined $2,000.00 was a reasonable fee. Given the three bankruptcies and the number of attorneys involved, we are forced to conclude this figure is unreasonably low.
Upon notification of the Desselles' first bankruptcy, Mansura (then Moreauville State Bank) employed Mr. William Bennett to represent its interests. He filed a proof of claim and had telephone conversations with Mr. Desselle and representatives of the bank. He then turned the file over to Mr. Gerald Schiff, who represented Mansura in the second and third bankruptcy proceedings. In the second proceeding, which was filed under Chapter 12 of the United States Code, Title 11, Mr. Schiff filed several notices of appearances, prepared a proof of claim and attended several meetings in Alexandria. In the third proceeding, a Chapter 7 filing, he prepared a motion to dismiss and pursued the possibility of foreclosing on the certificate of deposit issued in the name of Trent Desselle, without violating the automatic stay.
At the dismissal of the second bankruptcy proceeding, Mansura hired Mr. Rodney Rabalais to pursue collection remedies outside the bankruptcy court. He began research for the preparation of a petition to foreclose on the collateral, but his efforts were cut short by the Desselles' third bankruptcy filing. Additionally, all three attorneys testified at the one-day trial of this matter, and Mr. Schiff represented Mansura on appeal.
Based upon the above, we conclude the record clearly supports an award of $4,000.00 in attorney's fees, which amount includes compensation for services at trial and on appeal. Accordingly, we will amend the trial court judgment to reflect this increase.

INTEREST BEYOND DATE OF TENDER
In answering the defendant's appeal, the plaintiffs argue the trial judge erred in awarding interest beyond March 18, 1988, the date the Desselles tendered the money order from Simmesport State Bank.
In order to produce the effects of contractual performance, including termination of future interest and costs, a tender must be for the entire amount of the obligation as finally determined by the courts, and it must be unconditional; it cannot be predicated upon the creditor surrendering a potential legal right to a greater amount in order to accept the amount offered. Walker v. Investment Properties Ltd., 507 So.2d 850 (La.App. 5th Cir.1987), writ denied, 513 So.2d 293 (La.1987).
In Walker, the debtor tendered one check for the principal balance and interest as well as a blank check, designated for reasonable attorney's fees. The creditor argued the tender was conditional, claiming the debtor refused to surrender the funds unless the creditor gave up its potential right to recover stipulated attorney's fees. The court concluded the record did not support this contention. Finding a valid, unconditional tender, the court terminated the right to future interest as of that date.
A review of the record reveals that a different result is appropriate in this case. Unlike the debtor in Walker, the Desselles, from the beginning, have claimed they do not owe any attorney's fees. Correspondence entered into evidence establishes that the Desselles offered the money order on March 18, 1988 as payment in full on the Mansura obligation.
Additionally, we must note that the amount tendered was approximately $600.00 less than the amount actually owed. Although this discrepancy was not the primary reason Mansura refused to accept the money order, we cannot justify terminating the right to future interest when the full amount of the obligation was never, in fact, tendered.

*1071 COSTS
The Desselles also object to that portion of the trial court judgment ordering them to pay one-half of costs at trial. A trial court's assessment of costs will be disturbed only upon a showing of abuse of discretion. D.B. Orban Company v. Lakco Pipe and Supply, Inc., 496 So.2d 1382 (La.App. 3rd Cir.1986). Although the Desselles were granted the preliminary injunction, the defendant prevailed on the issue of attorney's fees. We find no abuse of discretion, where the trial court equitably divided costs.

DECREE
For the above and foregoing reasons, the judgment of the trial court is amended to increase attorney's fees to the amount of $4,000.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against plaintiffs, Howard and Joyce Desselle.
AFFIRMED AS AMENDED.