PLOTKIN, Judge.
We granted certiorari on the application of Creighton Construction Co., Ltd., Bobbie Jean Veazly, wife of/ and Oris R. Creighton in order to consider the validity of a judgment denying injunctive relief against Oak Tree Savings Bank, S.S.B., formerly St. Bernard Federal Savings & Loan Asso., to prevent the executory seizure and sale of their immovable property and awarding 15 percent attorneys’ fees to Oak Tree.
Oak Tree filed a petition for executory process to enforce its mortgage on two separate pieces of immovable property. One piece of property is located in St. Bernard Parish, where suit was filed and is owned by Creighton Construction Co., Ltd, a limited partnership domiciled in St. Bernard Parish. The other parcel is located in St. Tammany Parish and is owned by Mr. and Mrs. Creighton, who are domiciled in St. Tammany Parish.
On October 10, 1988, a writ of seizure and sale was issued to the sheriffs of both St. Bernard and St. Tammany parishes. The properties were seized, but in March 1989 Oak Tree requested that the two sheriffs return the writs marked “not satisfied” and cancel the notice of seizure. On June 27,1989, Oak Tree filed a supplemental and amending petition and caused a second writ of seizure and sale to issue to both sheriffs. Petitioner attached to the supplemental and amending petition copies of the articles of partnership for Creighton Construction Co., Ltd., the withdrawal of Business Capital *118 Corp. from the partnership and the affidavit of account verification.
In their petition for injunctive relief, rela-tors make the following claims: (1) that venue in St. Bernard Parish is improper as to the property located in St. Tammany Parish, where the Creightons are domiciled; (2) that a creditor cannot cure an original defective petition for executory process with a supplemental and amending petition; (3) that both the original and supplemental and amending petition are still legally defective because Oak Tree failed to submit both a copy of the partnership agreement certified by the Secretary of State, evidence of the name change or merger and authentic evidence of the striking of the special endorsements; and (4) that the attorney’s fees claims by Oak Tree are excessive and unreasonable. The trial court denied the injunction and determined that 15 per cent attorney’s fees were reasonable.
VENUE
C.C.P. art. 2633 provides that an executory proceeding to enforce a mortgage may be brought in the parish where the property is situated or as provided in La.C.C.P. art. 42. La.C.C.P. art. 42(1) provides the general rule that an individual may be sued at his domicile.
The Creightons are domiciled in St. Tammany Parish and the property is situated there. Therefore, neither La.C.C.P. art. 2633 nor La.C.C.P. art. 42 would confer venue as to this parcel on the trial court in St. Bernard Parish. However the general rule of La.C.C.P. art. 42 is subject to a number of exceptions. La.C.C.P. art. 43. One of the exceptions, La.C.C.P. art. 80(B), provides that when an action involves immovable property consisting of more than one tract situated in more than one parish, the action may be brought in either parish. The court in St. Bernard has clear venue over the St. Bernard property owned by the St. Bernard partnership. Since this is one action involving property consisting of a tract in St. Tammany as well as the tract in St. Bernard, the court in St. Bernard has venue over the proceeding under La.C.C.P. art. 80(B).
PARTNERSHIP AGREEMENT
La.C.C.P. art. 2636 states, in pertinent part, as follows:
The following documentary evidence shall be deemed to be authentic for purposes of executory process:
(5) A certified copy of the. contract of partnership authorizing the execution of an act of mortgage filed for registry with the secretary of state....
A review of the partnership agreement attached to the supplemental and amended petition indicates that it was not filed for registry with the secretary of state. It was filed with the clerk of court. Additionally, the document is not certified as a true copy by the secretary of state as required by La.C.C.P. art. 2636 or by the clerk of court as required by La.R.S. 13:4102(D). Therefore, the petition for executory process is facially defective. The preliminary injunction shall issue restraining and preventing the sale of relators’ properties via executory process.
ATTORNEYS’ FEES
We reverse the trial court’s holding that 15 per cent attorney fees on the principal and interest are reasonable. Attorney’s fees are based upon the legal work performed or to be performed. They must be reasonable. That determination must await a hearing. Leenerts Farm, Inc. v. Rogers, 421 So.2d 216 (La.1982); Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987).
We pretermit discussion of, but reserve to the parties the right to raise at a later time, all other issues.
ON WRIT GRANTED REVERSED AND RENDERED.