BECKER, Judge.
First Federal Savings Bank of New Orleans appeals an award of an attorney’s fee to the seizing creditor’s attorney in a foreclosure suit. We affirm.
On December 31, 1981 Yvonne and Bernard Dawson executed a $60,000.00 collateral mortgage in favor of Liberty Bank and Trust Company affecting a house in New Orleans. On June 21, 1985 the Dawsons executed a $136,800.00 mortgage on the same property in favor of Bayou Federal Savings and Loan Association which, by merger, is now First Federal. On August 2, 1985, the Dawsons sold this property to Solomon Gill who assumed the First Federal mortgage but was not notified of the Liberty Bank mortgage.
Liberty Bank, through its attorney, John Keller, then filed an executory process foreclosure suit to enforce its 1981 collateral mortgage, on which the Dawsons had defaulted. The Court appointed a curator to represent the Dawsons who had moved to Georgia and had been discharged in a Chapter 7 bankruptcy proceeding.
First Federal then intervened in the foreclosure proceeding seeking to have its mortgage paid in preference to Liberty Bank’s mortgage, but after Liberty Bank filed an exception to the intervention and before the hearing on the intervention, First Federal voluntarily dismissed its intervention.
The property was sold at a Sheriff’s sale and Liberty Bank presented its statement to the Civil Sheriff to collect, among other *1125 things, an attorney’s fee of $14,400.00; that is, the 20% fee stipulated in the collateral mortgage.
Afterwards, First Federal filed a Rule requesting the Trial Judge to review the reasonableness of the attorney’s fee. First Federal claims that the amount should be reduced because it is clearly excessive. Liberty Bank filed an exception of no right of action in response. After a hearing the Trial Judge rendered judgment, overruling Liberty Bank’s exception but fixing the attorney’s fee in the requested amount of $14,400.00. First Federal appeals, only contesting the reasonableness of the attorney’s fee award.
Liberty Bank’s collateral mortgage stated in part:
The said mortgagor moreover binds himself in case it should become necessary to place said note in the hands of an attorney for collection or to protect the rights of any holder thereunder, or to institute suit for the recovery of the amount of said note, or any interest, or any part thereof, to pay the fees of the attorney-at-law who may be employed for that purpose, which fees are hereby fixed at twenty per cent (20%) on the amount due or sued for.
A stipulation for attorney’s fees such as this does not foreclose inquiry into the reasonableness of those fees. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987), Rollo v. Lousteau, 522 So.2d 183 (La.App.5th Cir.1988).
To determine whether a particular attorney’s fee is reasonable, the following factors should be considered:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Rule 1.5(a), Rules of Professional Conduct, La.R.S. 37 Chapter 4-Appendix, Articles of Incorporation of the Louisiana State Bar Association, Art. XYI.
The Trial Judge did not provide reasons for judgment so we are unable to discern how he applied these factors. Nevertheless, having reviewed the record in this case in consideration of these factors, we find no manifest error in the Trial Judge’s decision to set the attorney’s fee in the requested amount.
To enforce the Dawsons’ obligation to Liberty Bank, Keller filed an executory process foreclosure petition. Since the debtors, the Dawsons, had moved out of state and were discharged in bankruptcy, Keller had to have the Court appoint a curator to represent the Dawsons, and he had to discover the status of the bankruptcy proceeding to insure that the New Orleans property was not listed as an asset of the Dawsons. The only other factor which tends to make this action anything but a routine foreclosure is that First Federal filed an intervention to contest the ranking of the mortgages and then voluntary dismissed the action, but only after Keller had researched, prepared and submitted a response.
Keller submitted an eight page diary to the Trial Judge detailing his tasks performed in relation to the foreclosure. Although, for the most part, the diary does not specify the length of time required for each task, it is a fairly detailed accounting of the work he did on the case over almost fourteen months. Specifically, it reveals approximately thirty instances of preparing pleadings, letters and other documents; forty instances of file, document or correspondence review; eleven telephone calls; six meetings; three occasions to file doc *1126 uments or pay costs at court; ten hours of research and ten hours in preparation for this Rule to Fix Attorney’s Fees. In addition, Keller was present at the Sheriffs sale to bid on the property for Liberty Bank.
Presumably, because Keller was under a contingency fee arrangement for this case he did not provide his hourly rate nor did he specify the time required for each task. First Federal suggests we set a reasonable hourly rate of $100; however, we believe this figure is unrealistically low, and that a $150 rate is more in keeping with area custom. Although this employment did not preclude him from accepting other employment, Keller did spend a fairly significant amount of time seeing this foreclosure suit to a successful completion. Overall, we do not believe the fee awarded, which is specified in the mortgage, is outrageous or even unusually high considering the time and labor required of plaintiff, the amount of the claim involved and the result obtained.
Having applied the factors outlined in Rule 1.5(a) to the evidence in this ease, we find that the evidence supports the award of a $14,400.00 attorney’s fee. Therefore, the judgment is affirmed, and costs of this appeal are assessed to First Federal.
AFFIRMED.