631 So.2d 644 (1994)
TECHE BANK AND TRUST COMPANY, Plaintiff-Appellee,
v.
J.B. WILLIS, Defendant-Appellant.
No. 93-732.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*645 Henry Camille Perret Jr., Christopher Shannon Hardy, John Bradley Wartelle, Lafayette, for Teche Bank and Trust Co.
Keith Edward Thibodeaux, St. Martinville, for J.B. Willis.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
This is a suit to recover attorney fees pursuant to the terms of a promissory note providing for fees of 25% of the outstanding balance of the note should the plaintiff, Teche Bank and Trust Company, Inc., refer the note to an attorney for collection. Teche Bank sued J.B. Willis as guarantor of a promissory note executed by Mr. Willis in his capacity as trustee of the succession of his uncle, Edwin E. Willis. Mr. Willis claims that 25% of the outstanding balance of the note, or $12,047.58, is unreasonable. The trial court disagreed and awarded this amount.
Mr. Willis appeals and asserts as error the amount of $12,047.58 which the trial judge allowed as attorney fees for the collection of the principal balance due on the note, which he claims amounted to $307.97, at the time suit was filed. Subsequent to judgment in this matter, Mr. Willis passed away, and the administratrix of his estate was substituted as appellant in this matter.
After a careful and thorough review of the record and jurisprudence, we amend the judgment of the trial court to award $6,000.00 in attorney fees, finding that the award of $12,047.58 is excessive.

FACTS
On March 18, 1987, Mr. Willis, while serving as trustee of the estate of his uncle, Edwin Willis, borrowed money from Teche Bank. Mr. Willis executed a promissory note in favor of Teche Bank which was payable on demand for the original amount of $63,194.74, and included interest at 11% per annum. This interest was calculated on a 360 day year and not a 365 day year as Mr. Willis believed. In addition, Mr. Willis guaranteed payment of the note in his individual capacity. The note provided for attorney fees in an amount equal to 25% of the unpaid balance owed in the event referral of the note to an attorney for collection of the balance became necessary. One year after its execution, Teche Bank demanded that the note be paid in full and would not grant its renewal.
When Teche Bank received advice from an attorney that the note might not be enforceable due to a question involving Mr. Willis's capacity to execute a note as a succession trustee, it contacted the law firm of Perret, Doise, Daigle, Longman, Russo and Zaunbrecher. After reviewing all of the bank and succession documents, Teche Bank attorneys prepared a written legal opinion and concluded that the note was indeed enforceable.
On May 29, 1990, Teche Bank, through its attorneys, made demand on Mr. Willis for payment of the outstanding principal balance of $44,209.58, along with interest in the amount of $3,980.74. Thereafter, negotiations between the parties took place where Mr. Willis informed Teche Bank that he was attempting to secure financing and/or sell other property in order to pay the note. Ultimately, Mr. Willis applied to St. Martin Bank and Trust Company which lent him the funds necessary to pay off the note. On December 27, 1990, Willis tendered partial payment of the note, leaving an outstanding balance due of $307.97, along with the obligation to pay attorney fees and costs incurred in the collection efforts. On January 11, 1991, correspondence between Teche Bank attorneys and Mr. Willis revealed that the attorney was willing, at that time, to forgo his rights under the note to collect 25% of the outstanding balance at the time of referral, in exchange for the reimbursement of $2,280.70 in actual fees which had been incurred up to that point. Mr. Willis disputed the exact principal balance owed and Teche Bank did not cash the check tendered by Willis. Mr. Willis believed, at that point *646 and as of the date of trial, that $300.00 to $400.00 was sufficient attorney fees.
After a year of unsuccessful negotiations with Willis, Teche Bank sued for the amount of $307.97 as well as attorney fees and costs. Six days after suit was filed, Willis tendered payment of $350.00, but refused to pay attorney fees. Mr. Willis also propounded fiftynine interrogatories to which Teche Bank responded despite the 25 interrogatory limit of Rule 9, Section 2 of the Uniform Civil District Court Rules.
At trial, Henry C. Perret, Jr., Teche Bank's attorney, testified that up to that date, his law firm spent approximately 75 hours pursuing the collection of the note against Mr. Willis, which did not include preparation for, and attendance at, the trial.
The trial judge rejected Mr. Willis's argument that the fees claimed by Teche Bank were unreasonable and excessive because at the time of trial the principal balance due on the note was only $307.97 and the plaintiffs prayed for $12,047.48. The trial judge reasoned that under the peculiar facts of this case and due to Mr. Willis's "petulant attitude and reticence [sic] in paying the note" which directly led to such a large fee, the attorney fees Teche Bank claims it is owed was neither excessive nor unreasonable. Significantly, the trial judge found that $48,196.32 was the balance due on the note on May 29, 1990, the date that Teche Bank turned the note over to the law firm of Perret, Doise, Daigle, Longman, Russo and Zaunbrecher for collection. The language of the note specifically provided:
"If you have to sue me, or refer this Note to an attorney for collection, I agree to pay reasonable attorney's fees in an amount equal to twenty-five percent of the unpaid debt owed to you under this Note." (Emphasis added).
The trial judge went on to discuss the amount of time Mr. Perret devoted to the collection of the balance due on the note which he termed "significant," mentioning Mr. Perret's energy and resources used in preparing a written legal opinion after extensive research on whether the note was enforceable, Mr. Perret's communications and negotiations with Mr. Willis, as well as his preparation for and attendance at trial. The trial judge concluded that the defendant cannot complain about Teche Bank's assertion of its rights under the provisions of the note. We disagree in part.

ANALYSIS
Under the terms of the note, which provides for attorney fees if the note is referred "to an attorney for collection" although suit is not brought, Mr. Willis is clearly responsible for the fees. The real issue is determining the amount of fees owed in the present case. Louisiana Civil Code Article 2000 provides that if the parties have, by contract, expressly agreed that the obligor shall be liable for the obligee's attorney fees in an amount that is fixed or determinable, the obligee is entitled to collect that amount of attorney fees as stipulated in the written contract. The note stipulates that Willis is to pay 25% of the outstanding balance of the note, a determinable amount. Thus, if we were to follow the mandate of La.Civ.Code art. 2000, Mr. Perret would be entitled to collect $12,047.58. However, we would have to ignore the Louisiana Supreme Court decisions in Leenert's Farms Inc. v. Rogers, 421 So.2d 216 (La.1982) and Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987) as well as this court's decision in Desselle v. Moreauville State Bank, 553 So.2d 1067 (La. App. 3d Cir.1989), writ denied, 558 So.2d 584 (1990), which have held La.Civ.Code art. 2000 unenforceable where the stipulated contractual fees are excessive and unreasonable. The Louisiana Supreme Court and this court, in holding that to enforce Article 2000 in some instances, may violate the Rules of Professional Conduct's ban against an attorney accepting a clearly excessive fee, have placed an obligation on courts to inquire into the reasonableness of attorney fees stipulated in contractual agreements. Desselle, 553 So.2d 1067 at 1069. Teche Bank and Willis, who have reached an acceptable pay out of the note, now desire a judicial determination of reasonable attorney fees.
Courts should not question the propriety of a fee unless it is clearly excessive. A fee is "clearly excessive," if it is "so grossly out of proportion with the fees charged for *647 similar services by other attorneys in the locale as to constitute an unquestionable abuse of the attorney's professional responsibility to the public." Desselle, 553 So.2d 1067 at 1069.
Whether an attorney fee is clearly excessive is a finding of fact to be made by the trial judge which will not be disturbed on appeal absent manifest error. Id. The amount of reasonable attorney fees to be allowed is at the discretion of the trial court. Goodman v. Roberts, 587 So.2d 807 (La.App. 3d Cir.1991); Ray v. Superior Iron Works & Supply Co., Inc., 284 So.2d 140 (La.App. 3d Cir.), writ denied, 286 So.2d 365 (1973). In the case sub judice, the trial judge determined that a $12,047.58 attorney fee, 25% of the principal balance due on the note totalling $48,196.32 at the time the note was referred to Mr. Perret, was not clearly excessive nor unreasonable.
Factors deemed worthy of consideration in evaluating the reasonableness of attorney fees are provided by Rule 1.5(a)(1-8) of the Rules of Professional Conduct:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
Other than the problems Mr. Perret encountered in determining the enforceability of the note, the subsequent procedures in collecting the note were neither novel nor especially difficult. Mr. Perret expended some time with Mr. Willis in an effort to work out the financing and collection of the debt as well and did an appreciable amount of work in responding to the numerous discovery requests made by Mr. Willis. Filing suit to collect on the note required more expenditure of time on the part of Mr. Perret in preparation for and attendance at trial. Moreover, Mr. Willis's obstinate behavior did not further the resolution of this matter; in fact, it exacerbated relations between the parties. Nonetheless, in spite of these commendable legal efforts by Mr. Perret, we feel that the fee awarded, $12,047.58, is excessive.
Based upon the testimony and considering the factors in Rule 1.5 of the Rules of Professional Conduct, we conclude that the record supports an award of $6,000.00 in attorney fees, which amount includes compensation for services at trial and on appeal and ultimately in executing on the judgment against Mr. Willis's estate.

DECREE
For the foregoing reasons, the judgment of the trial court is amended and, as amended, affirmed. Costs of this appeal are assessed against defendant-appellant, the Estate of Joseph Burton Willis, Sr.
AMENDED AND AFFIRMED AS AMENDED.