jiTHIBODEAUX, Judge.
Baton Rouge Home Health Care Corporation, d/b/a Capitol Home Health, was the employer of Delbris Payne who was seriously injured in an automobile accident while in the course and scope of her employment. Payne’s attorney, Darrel D. Ryland, negotiated a $25,000.00 settlement from the insurer of the third party tortfeasor. The dispute was focused entirely on the amount of attorneys fees due to Ryland. Baton Rouge Home Health Care Corporation appeals a judgment granting attorneys fees in the amount of $8,333.33 and expenses of $556.09 to him.
This case is consolidated with Delbris Payne v. Louisiana Indemnity Company, et al., 640 So.2d 800 on our court’s docket.
|aFor the following reasons, we affirm.

FACTS

This dispute originated from a traffic accident between Delbris Payne and Dolon J. Lemoine. At the time of the accident, Payne was in the course and scope of her employment with Baton Rouge Home Health. Lemoine was insured by Allstate Insurance Company. Payne, through her attorney Ry-land, filed suit against Lemoine and Allstate. Baton Rouge Home Health filed a separate suit against Lemoine and Allstate to recoup what it paid Payne in workers’ compensation benefits. It also intervened in Payne’s suit. Eventually the two suits were consolidated.
After paying its $25,000.00 policy limits into the registry of the court, Allstate and Lemoine were dismissed from the suit. The only issue for the trial court was attorneys fees and expenses. It was stipulated that Baton Rouge Home Health had paid $12,-987.16 in disability benefits and $31,557.75 in medical benefits. Ryland claimed he was entitled to one third of the $25,000.00 in the court’s registry.
After taking the matter under advisement, the trial court rendered judgment, with reasons, in favor of Ryland in the amount of $8,333.33 in fees and $556.09 in expenses.

ISSUE

The sole issue for review in these consolidated cases is whether the amount awarded in attorneys fees is excessive.

LAW & ANALYSIS

La.R.S. 23:1103(C) entitles Ryland to reasonable legal fees, not to exceed one third of Baton Rouge Home Health’s recovery, and costs incurred. Both parties cite the factors listed in DR 2-106(A) and (B) of the Code of Professional Responsibility in support of their positions. isThe factors are as follows:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with client.
*799 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Moody v. Aranie, 498 So.2d 1081, 1086, 1087 (La.1986), also cited by both parties, listed the above factors and made the following comments:
To qualify as a reasonable and necessary cost of recovery, however, the fee must relate to necessary services which actually benefited or augmented recovery from the third person, rather than duplicative services of those designed to benefit a single party such as the mere monitoring of proceedings. In determining and fixing reasonable and necessary attorneys’ fees the court must give careful and independent scrutiny to all of the relevant factors and circumstances because of the conflicts of interest between the worker, his attorney, the employer or carrier, and its attorney.
The trial court made the following conclusions:
This case is somewhat different from Moody and other cases cited. In the cited cases, the Court was called upon to proportion responsibility for attorneys fees between plaintiff and intervenor using a formula that involved percentages of monies recovered for plaintiff and intervenor. In this case, the $25,000.00 recovered by Mr. Ryland inured totally to the benefit of intervenor. Mr. Ryland is not seeking any fees in the worker’s compensation case.
UMost poignant in this case is that the worker’s compensation intervenor did not expend one minute’s effort in recovering this $25,000.00. It was recovered totally from the efforts of Mr. Ryland and his firm. Counsel for intervenor would argue that Mr. Ryland did not put in many hours and yet was able to recover the sums, so therefore he should not recover his ½ fee. This argument fails for two reasons:
1) Moody v. Arabie enunciates a public policy of encouraging plaintiffs attorneys to do their best to get monies that will inure to the benefit of worker’s compensation intervenors. Certainly, allowing inter-venors to do no work, allow plaintiffs attorneys to collect policy limits, and then fight them for their fees would violate the public policy set forth. To allow this would be to allow unjust enrichment.
2) Counsel’s argument is contrary to the very nature of plaintiff practice, and in some manner, defense practice as well. It totally ignores the ability of some well respected plaintiff attorneys to be able to get settlements without spending the man-hours a less able counsel would have to. It penalizes an attorney for having a successful track record with insurance companies.
Mr. Ryland is well known to the Court as an extremely successful plaintiffs attorney. He has recovered sums, in and out of Court, totalling millions of dollars. His reputation as a tenacious trial lawyer and negotiator has allowed him to recover monies for his clients easier than had those clients been represented by a less skilled advocate. This court cannot penalize him for those skills. In addition, Mr. Ryland has had to expend substantial hours and expense on this ease.
The foregoing reasons reveal the trial court stood true to the ruling in Moody by considering factors beyond the contract amount or the actual time spent on the case. The trial court’s reasoning is supported by the record. The record reveals that a considerable factor in Allstate’s quick decision to settle was that fact that Ryland had been retained. Additionally, the trial court is correct in finding that to not allow Ryland the full recovery under his contract with Payne is to penalize him for the reputation he has no doubt worked hard to achieve. Moreover, beyond his reputation, there is evidence that substantial time and effort were ^expended on this case which, together with the other less tangible factors, led to the conclusion that the full attorney fees and expenses awards were justified.
As we recently stated in Teche Bank and Trust v. Willis, 631 So.2d 644, 646-647 (La. App. 3d Cir.1994):
“Courts should not question the propriety of a fee unless it is clearly excessive. A fee is ‘clearly excessive’ if it is so grossly out of proportion with the fees charged for similar services by other attorneys in the *800 locale so as to constitute an unquestionable abuse of the attorney’s professional responsibility to the public. (Quoting Desselle v. Moreauville State Bank, 553 So.2d 1067 (La.App. 3d Cir.1989), writ denied, 558 So.2d 584 (1990)).
Whether an attorney fee is excessive is a finding of fact to be made by the trial judge which will not be disturbed on appeal absent manifest error. The amount of reasonable attorney fees to be allowed is at the discretion of the trial court.” (Citations omitted).
The record supports the trial court’s reasonable findings. Accordingly, the fee awarded is not excessive.

CONCLUSION

For the foregoing reasons, the judgment awarding $8,333.33 in attorneys fees and $556.09 in expenses to Darrel Ryland is affirmed. Baton Rouge Home Health Care Corporation is charged with the costs of this appeal.
AFFIRMED.