782 So.2d 1116 (2001)
ALBERT K. NEWLIN, INC.
v.
Millard E. MORRIS, et al.
No. 00-1564.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
Writ Denied May 25, 2001.
*1117 Frank C. Miller, III, Lake Charles, LA, Counsel for Defendants/Appellants Millard E. Morris, et al.
R. William Collings, Collings & Collings, Lake Charles, LA, Counsel for Plaintiff/Appellee Albert K. Newlin, Inc.
Court composed of THIBODEAUX, COOKS, and GREMILLION, Judges.
THIBODEAUX, Judge.
Ribbeck Construction Corporation, (Ribbeck) the appellant, was awarded damages against Millard E. Morris (Morris) for wrongful termination of a contract in an arbitration proceeding. In a separate hearing, the appellee, Albert K. Newlin, Inc., (Newlin) who had subcontracted with Ribbeck, was awarded damages against Ribbeck. Ribbeck sued Newlin to recover attorney fees and costs incurred in the arbitration proceeding in proportion to Newlin's recovery. Ribbeck alleged that they shared in a common fund. The trial *1118 court found Newlin only owed attorney fees in proportion to the estimated time spent by the attorneys on "Newlin" issues. For the following reasons, we affirm the judgment of the trial court.

I.

ISSUE
Ribbeck asks that we address the issue of whether a subcontractor who shares in a common recovery fund obtained by the contractor from the owner should be required to contribute to the cost of recovery of the fund in proportion to his interest in the recovery.

II.

FACTS AND PROCEDURAL HISTORY
On June 3, 1994, Millard E. Morris (Morris) entered into a general contract with Ribbeck Construction Corporation (Ribbeck) for the construction of a 20,000 square foot home near DeRidder, Louisiana. The agreed-upon price for the construction of the residence was $1,433,550.00. Ribbeck subcontracted with Albert K. Newlin, Inc. (Newlin) on June 31, 1994, to perform the plumbing and electrical portion of the contract for the total sum of $175,066.00.
Neither the general contract nor the subcontract was completed because there was a dispute between Morris and Ribbeck regarding the construction. Morris terminated Ribbeck as general contractor. Ribbeck instituted arbitration proceedings against Morris on April 29, 1996, for wrongful termination and for payment of $300,000.00 for work performed but not paid. Morris counterclaimed for alleged construction defects and denied all liability. Following a three-week arbitration hearing, a panel determined that Ribbeck's termination was without just cause and issued an award to Ribbeck. The arbitration panel awarded Ribbeck the sum of $134,482.00, finding that the final contract price was $1,271,071.00 and crediting Morris the amount of $967,036.00, which had already been paid to Ribbeck. Thus, Ribbeck received a total gross amount of $1,101,518.00 from Morris upon a contract with an adjusted total value of $1,271,071.00. Ribbeck incurred total attorney fees of $224,664.73 and arbitration costs of $33,000.00 for a total cost of $257,664.73. The panel determined that $186,629.00 worth of work remained to complete the home.
On August 7, 1997, Newlin filed suit to enforce a materialman's lien against Morris and Ribbeck in the sum of $69,069.73, for material and labor. Ribbeck had already paid $155,433.35 to Newlin. Riddick then filed a reconventional demand against Newlin alleging he was owed a proportionate share of attorney fees and arbitration costs. Newlin's claim against Morris was severed from this matter and its claim against Ribbeck was tried on March 17, 1999. The trial court awarded a judgment in favor of Newlin in the sum of $36,534.42 on April 28, 1999. Ribbeck appealed suspensively to a panel of this Court which affirmed in part and reversed and remanded in part. This Court affirmed the trial court's determinations that: (1) Ribbeck's conduct acted as a waiver of its contractual right to demand arbitration; and (2) the subcontract did not legally bind Newlin to the arbitration proceedings. This Court then reversed and remanded Ribbeck's reconventional demand that Newlin indemnify it for costs incurred by it in the prior arbitration. In doing so, this Court stated that according to the indemnification provisions in the Ribbeck-Newlin contract, the arbitration proceeding entered into by Morris and Ribbeck related to the work of Newlin, the subcontractor. This Court then remanded for a *1119 determination by the trial court as to the percentage of arbitration costs incurred in disputing claims by Morris which may be attributable to Newlin. Newlin v. Morris, 99-1093 (La.App. 3 Cir. 1/5/00), 758 So.2d 222.
A trial date was fixed for July 20, 2000. Prior to this date, however, the parties agreed to a joint stipulation to the existing record and additional exhibits and submitted the case without additional oral testimony. The evidence included invoices submitted by Ribbeck's attorneys in the arbitration proceedings, findings and conclusions and award by the arbitrator, exhibits used and referred to by the arbitrator, testimony of Morris's attorney, Ronald White, and the deposition of Edward Ribbeck. In Mr. White's estimation, his firm had spent approximately twenty-five hours in preparation and actual time in the arbitration proceedings relating to Newlin issues. If twenty-five hours were billed out at the rate of $155.00 per hour, the total amount would be $3,875.00. The court thus relied on this testimony in determining Newlin's share of the arbitration costs, finding it was the next best evidence available. The court determined that the appropriate percentage of Ribbeck's total arbitration costs of $257,664.73 which were assessable to Newlin was $5,449.61, or 2.115% of the arbitration costs and fees. On September 20, 2000, Ribbeck filed for a suspensive appeal from that judgment, arguing that Newlin actually owes Ribbeck 27% of the total arbitration costs, or $69,569.48.

III.

LAW AND ARGUMENT

Standard of Review
A court of appeal must not set aside the factual findings by the trial court unless those findings are clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989), writ denied, 561 So.2d 105 (La.1990). Appellate review of facts concerns: (1) whether there is a reasonable factual basis in the record for the finding of the trial court, and (2) whether the record establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120(La.), writ denied, 515 So.2d 1108 (La.1987). If there is a reasonable factual basis, the trial court's factual finding may be set aside by the appellate court only if after reviewing the record in its entirety, the appellate court determines the trial court's finding was clearly wrong. Stobart v. State, Through Dep't of Transp., 617 So.2d 880 (La.1993).

The Recovery Fund
Ribbeck asks that we find that Newlin must pay his fair share of the attorney fees that were incurred in the arbitration proceedings with Morris. His formula consists of dividing the amount of the judgment in favor of Newlin against Ribbeck, that is, $36,534.42, by the amount Ribbeck received in the arbitration, that is, $134,482.00, or 27% of all arbitration costs and fees. Ribbeck alleges the $134,482.00 that the arbitration panel ordered Miller to pay was a common recovery fund for both Ribbeck and Newlin.
The trial court rejected Ribbeck's proportionality argument with regard to splitting costs according to recovery amount. Instead, it attempted to determine the proportion of attorney fees owed by Newlin based on evidence that was supposed to show what proportion of the total time spent in arbitration was devoted to Newlin-related issues. The court noted that there were virtually no written records to show how much of the total time of the arbitration proceedings specifically concerned Newlin-related issues. Out of seventeen invoices from Ribbeck's own attorneys, Wray and Kracht, covering *1120 the period from late January, 1996 through the conclusion of the arbitration proceedings in June, 1997, there were only two references specifically mentioning Newlin. These totaled nine hours for which Ribbeck was billed $554.00. Ribbeck failed to offer any records from Wray and Kracht, maintaining that they were too vaguely worded to assist the factfinder in making such a determination. Nor was there any deposition testimony of any member or representative of the law firm. The court, therefore, used the testimony of Morris's attorney as to the number of hours his firm had spent on Newlin-related issues. In doing so, the court stated that "[i]t would be a fair assumption that each side of the arbitration expended approximately the same proportion of their overall time ... on Newlin-related matters."
Ribbeck asks this court to find that, because the arbitrators' award consisted of a common fund, Newlin should be required to contribute to the cost of recovery of this fund in proportion to his interest in the recovery. Ribbeck cites workers' compensation jurisprudence which provides that an employer may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorney fees, incurred by an injured worker in a third-party suit. See Moody v. Arabie, 498 So.2d 1081(La.1986). Ribbeck argues that these provisions should apply by analogy to any common fund recovery.
However, there is a fundamental flaw with Ribbeck's argument. It is not at all clear that the $134,482.00 awarded by the arbitration panel to Ribbeck was intended to be a common fund. Indeed, we seriously doubt that it was a common fund. Rather, the arbitration proceedings were between Ribbeck and Morris with the issue being the propriety of the termination of Ribbeck by Morris. Thus, the dispute which led to the contract's termination was solely between Morris and Ribbeck. There was no dispute between Newlin and Morris; the only dispute concerning Newlin concerned his failure to be paid for his work by the contractor, Ribbeck. Nor did Newlin take part in the proceedings between Morris and Ribbeck. Newlin's recovery, in fact, was not at all contingent on the success of the arbitration and was therefore not part of the common fund. While the Newlin subcontract and evidence of Newlin's work was offered into evidence in the arbitration proceedings, this was done only in order to show proof of past and anticipated expenditures. Indeed, Newlin was not entitled to a certain portion of the arbitration award. The $36,534 .42 that Newlin was awarded by the trial court was pursuant to a separate court judgment and was not a part of the arbitration proceedings. In fact, Ribbeck was obligated to pay this amount to Newlin regardless of the outcome of the arbitration and any award of damages.
The issue of whether or not the arbitration award was a common fund was not raised by Newlin and, therefore, we will not decide this issue. Instead, we will restrict our analysis to deciding whether the trial court's award of $5,449.61 in attorney fees, or 2.115% of the arbitration award to Ribbeck, was manifest error. The amount of reasonable attorney fees to be allowed is at the discretion of the trial court. Teche Bank and Trust Co. v. Willis, 93-732 (La.App. 3 Cir. 2/2/94); 631 So.2d 644. Additionally, Louisiana Civil Code Article 1999 gives the trial judge much discretion in the assessment of damages. When damages are insusceptible of precise measurement, much discretion is left to the trial court to assess a reasonable amount. Cockerham v. Atlantic Richfield Co., 615 So.2d 547 (La.App. 3 *1121 Cir.), writ denied, 623 So.2d 1303 (La. 1993).
Here, the damages were very difficult to ascertain. The equation used by the judge in this case was perhaps tenuous given the absence of evidence demonstrating that there actually were any attorney costs attributable to Newlin in the arbitration proceedings. However, the judge used the only evidence available to him. Therefore, we find that the trial court was not manifestly erroneous in determining that Newlin was responsible for $5,449.61, or 2.115% of the arbitration costs and fees incurred by Ribbeck.

IV.

CONCLUSION
Accordingly, for the foregoing reasons, the trial judge's judgment is affirmed. Costs of this appeal are assessed against the defendant/appellant, Ribbeck Construction Corporation.
AFFIRMED.