# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30917
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2015

Lyle W. Cayce
Clerk

GRAY INSURANCE COMPANY,

Plaintiff–Appellee,

v.

AARON D. TERRY; TAMMIE M. TERRY,

Defendants–Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-1523

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Aaron and Tammie Terry appeal the district court's grant of summary judgment to the Gray Insurance Company (Gray) on Gray's claims for indemnity arising from a surety agreement. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30917

**I**

Government Technical Services, LLC (GTS), owned by Joseph Terry, was a general contractor in the business of providing construction services to governmental entities. Gray is an insurance company that issues payment and performance bonds as surety for general contractors.

The present dispute arises from a surety agreement between Gray and GTS. To ensure compliance with the Miller Act,[1] GTS requested Gray to issue payment and performance bonds as surety for government construction projects for which GTS would serve as the general contractor. Gray and GTS executed a surety agreement under which Gray agreed "to furnish, procure or continue contracts of suretyship" on behalf of GTS, and GTS agreed to

> indemnify and hold [Gray] harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interests and attorney's fees, which [Gray] incurs or sustains (1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, or (3) in enforcing any of the provisions of this Agreement.

The surety agreement was signed by GTS as an indemnitor, and by Joseph Terry, Aaron Terry, and Tammie Terry as individual indemnitors.

On a number of GTS's government construction projects for which Gray issued a payment and performance bond, GTS's subcontractors asserted claims against GTS and Gray for payment. Gray paid several of the claims and incurred costs and attorney's fees in connection with investigating and resolving each claim. As of the district court's grant of summary judgment, Gray had incurred a loss of $1,683,509.82 in claims and costs associated with the surety agreement, approximately $600,000 of which were legal fees, costs, and expenses.

---

[1] 40 U.S.C. §§ 3131-33.

No. 14-30917

Gray first brought suit against GTS and the individual indemnitors in 2007. At that time, there were unsettled issues regarding whether the payments made by Gray had been properly paid, and the district court dismissed the case without prejudice to allow for these issues to be resolved. In 2013, Gray filed a Motion to Lift Stay and Reopen Litigation because the claims underlying Gray's indemnity action had been resolved. Shortly after Gray filed a motion for summary judgment, GTS informed the district court that it had filed for bankruptcy. The district court stayed the proceedings against GTS due to the pending bankruptcy action pursuant to 11 U.S.C. § 362, but granted summary judgment to Gray against Joseph, Aaron, and Tammie Terry and ordered them to indemnify Gray in the amount of $1,683,509.82. Aaron and Tammie Terry now appeal.

## II

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court.[2] Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

## III

The surety agreement is governed by Louisiana law, which provides that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[4] The terms of the surety agreement are clear. They require the Terrys to indemnify Gray for all losses Gray incurs "(1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any

---

[2] *Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012).

[3] FED. R. CIV. P. 56(a).

[4] LA. CIV. CODE ANN. art. 2046.

obligations under this Agreement, or (3) in enforcing any of the provisions of this Agreement." The test set forth in the surety agreement is one of causation, whether Gray incurred losses *because* it furnished a payment and performance bond for GTS. The Terrys must indemnify Gray for all payments made to claimants pursuant to the bonds. The Terrys must also indemnify Gray for the costs it incurred in investigating and resolving those claims, even when Gray did not ultimately make a payment to the claimant, because those costs and fees were incurred because Gray furnished the bonds on behalf of GTS.

The Terrys assert that there is a genuine issue of material fact regarding whether Gray acted in bad faith by making payments on certain claims despite GTS having valid defenses against those claims.[5] However, by the very terms of the surety agreement, whether GTS had a valid defense against a subcontractor's claim was not a condition precedent to GTS's and the Terrys' obligations to indemnify Gray. The surety agreement only requires that Gray incur the expenses "because of having furnished any Bond," and it is undisputed that the losses Gray is claiming were incurred in connection to having furnished bonds in favor of GTS. Furthermore, the Terrys failed to adduce any evidence indicating that Gray acted with any dishonesty or commercial unreasonableness when investigating and settling the underlying claims.[6]

The Terrys argue that summary judgment is improper because Gray has not provided proper documentation of the Attorney's fees and costs it incurred in excess of $600,000. Under the terms of the surety agreement, the evidence Gray adduced to prove its fees is adequate to establish the Terrys' obligation

---

[5] LA. CIV. CODE ANN. art. 1983 ("Contracts must be performed in good faith.").

[6] LA. REV. STAT. ANN. § 39:1553 ("'Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing.").

to indemnify: "Vouchers or other evidence of such payments, including records of any nature maintained by the Surety in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to the Surety."[7]  Gray provided ledgers it kept in the ordinary course of business indicating the payments it made for legal services in connection with the claims submitted under the bonds.  These records were sufficient, under the agreement, to establish a prima facie case against the Terrys for indemnification.  The Terrys have failed to provide any evidence to rebut the accuracy of these fees or that would indicate that Gray acted in bad faith.  Instead, the Terrys assert that the amount of Gray's legal fees is unreasonable.  They rely on *Central Progressive Bank v. Bradley* for the proposition that Louisiana law prohibits lawyers from charging a "clearly excessive fee."[8]  The decision in *Central Progressive* dealt with a rule against excessive fees as set forth in the disciplinary rules for the Louisiana bar.  That case did not concern an indemnity agreement.[9]  In any event, the Terrys provided no evidence that would indicate that the amount of legal fees Gray incurred over several years, litigating claims asserted by a number of GTS's subcontractors, was excessive, let alone clearly so.  Gray satisfied the prima facie standard for indemnification of attorney's fees as set forth by the contract, and Terry failed to provide any evidence indicating the excessiveness of these fees.  Gray is entitled to summary judgment.

\* \* \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[7] *See* LA. CIV. CODE ANN. art. 1983 ("Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law.").

[8] 502 So. 2d 1017, 1017 (La. 1987) (per curiam).

[9] *Id.*